**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DOROTEO RENDON-MARTINEZ,

Defendant-Appellant.

No. 10-6231
(D.C. No. 5:10-CR-00095-C-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

Doroteo Rendon-Martinez was convicted of possession of a firearm and ammunition by a felon and of illegal reentry by an alien after being deported. He now appeals his convictions and 180-month concurrent sentences. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

Mr. Rendon-Martinez is a native and citizen of Mexico who was removed from the United States in December 2009. By February 9, 2010, however, he had returned to this country and was living in a house in Oklahoma City. On that day, he thought three men were trying to break into the house. Knowing that a .38 Special revolver and ammunition were on the premises, he grabbed the gun and fired warning shots into the yard. Someone called the police, and when officers arrived they saw Mr. Rendon-Martinez holding the revolver.

Mr. Rendon-Martinez was charged with one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (count one); one count of possession of a firearm and ammunition by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A) (count two); and one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) (count three). He stipulated to facts that established each element of these crimes and went through a bench trial before the district court. The court found him guilty on counts one and three and granted the government's motion to dismiss count two.

The presentence investigation report suggested that Mr. Rendon-Martinez had convictions for three prior serious drug offenses, and therefore he was subject to the enhanced penalties of the Armed Career Criminal Act, 18 U.S.C. § 924(e)

(ACCA).[1]  In response, he argued that his prior convictions did not qualify as serious drug offenses.  The government filed a sentencing memorandum, discussing the convictions and attaching certain Oklahoma court documents concerning them.  The district court concluded that the three convictions fell "within the meaning of serious drug offenses as defined by statute and do establish an Armed Career Criminal enhancement in this case."  Aplt. App., Vol. I at 32.  Accordingly, the court sentenced Mr. Rendon-Martinez to the ACCA-mandated minimum of 180 months on each conviction, to be served concurrently.

*Analysis*

## I.    Ineffective Assistance

Mr. Rendon-Martinez's first argument is that his trial counsel was ineffective.  He asserts that counsel "did essentially nothing and acted in a manner that was actually harmful to [him]" by allowing him to sign stipulations that "materially admitted to every element of the charges against him."  Aplt. Opening Br. at 10.  He concedes that this court rarely hears claims of ineffective assistance of counsel on direct appeal, but he states that this claim is evident from the existing record.

---

[1]    The ACCA provides:  "In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ."  18 U.S.C. § 924(e)(1).

As Mr. Rendon-Martinez recognizes, this court generally prefers to defer ineffective-assistance claims to collateral proceedings. *See United States v. Erickson*, 561 F.3d 1150, 1170 (10th Cir. 2009). Although "this court has considered ineffective assistance of counsel claims on direct appeal in limited circumstances," it has done so "only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). Neither of these conditions is met in this case. Thus, "[w]e see no reason here to depart from the general rule that ineffective-assistance claims should not be addressed on direct appeal." *Erickson*, 561 F.3d at 1170.

## II.    Justification

Mr. Rendon-Martinez next argues that he was justified in handling the revolver because he was afraid that the three men would break into his house. He did not raise this argument in district court. Treating the omission as a forfeiture, he requests plain-error review. In contrast, the government asserts that it was his burden to raise his affirmative defense and that his failure to argue the issue at trial results in a waiver.

We need not resolve this dispute, because Mr. Rendon-Martinez cannot prevail even under plain-error review. "When reviewing an issue for plain error, we will reverse the judgment below only if there is (1) error, (2) that is plain, which (3) affects substantial rights." *United States v. Zubia-Torres*, 550 F.3d

-4-

1202, 1208 (10th Cir. 2008). "If these three criteria are met, then we may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

Mr. Rendon-Martinez has failed to establish the second (if not the first) requirement of plain-error review. The basis of his justification defense is that the alleged break-in attempt forced him to handle the revolver on February 9, 2010. But it appears from this record that he was guilty of violating § 922(g)(1) even before he picked up the revolver.

"Possession can either be actual or constructive." *United States v. Michel*, 446 F.3d 1122, 1128 (10th Cir. 2006). "Constructive possession of an object exists when a person knowingly holds the power and ability to exercise dominion and control over it." *Id.* (alteration and internal quotation marks omitted). In cases of joint occupancy (which this appears to be), the government "must present evidence to show some connection or nexus between the defendant and the firearm." *Id.* (internal quotation marks omitted). Mr. Rendon-Martinez stipulated: "A .38 special revolver with several rounds of .38 special ammunition . . . were in his house. Mr. Rendon-Martinez had knowledge of and access to the .38 special revolver and ammunition inside his house." Aplt. App., Vol. I at 22. Together with his further stipulation that he used the revolver on February 9, this evidence is more than sufficient to establish a connection between him and the revolver and ammunition, and to establish that he knowingly held the power and

ability to exercise dominion and control over those items before the break-in attempt. If there was error in failing to acquit Mr. Rendon-Martinez on the ground of justification, the error is certainly not plain.

## III.   Illegal Search

Mr. Rendon-Martinez asserts that after the police officers secured him at the front door of the house, they searched the house without first obtaining a warrant. During the search they saw ammunition. Contending that this warrantless search was unreasonable, Mr. Rendon-Martinez argues that his conviction for possession of a firearm and ammunition was based on illegally obtained evidence.

Because Mr. Rendon-Martinez failed to file a suppression motion in the district court, he has waived this issue unless he can show "good cause" for not raising the issue before the district court. *See* Fed. R. Crim P. 12(e); *United States v. Burke*, 633 F.3d 984, 988 (10th Cir.), *cert. denied*, 131 S. Ct. 2130 (2011). He has not shown good cause (other than his claim of ineffective assistance of counsel, which we are not considering on direct appeal). And even if we disregarded this waiver, he has not shown how suppressing the ammunition evidence would invalidate his conviction. If the district court had suppressed all the evidence from the search, the undisputed (and admissible) evidence that he

possessed the revolver would, by itself, be sufficient to convict him of violating § 922(g)(1).[2]

## IV.    Armed Career Criminal Sentencing

Finally, Mr. Rendon-Martinez challenges his 180-month concurrent sentences.  He argues that the court improperly imposed the ACCA-mandated minimum sentence because the indictment made no allegations concerning his prior crimes and the prosecution did not prove at trial that the crimes were "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  Citing *Shepard v. United States*, 544 U.S. 13 (2005), he further asserts that "inquiry beyond the charging documents and statute must be narrowly restricted." Aplt. Opening Br. at 23.

In district court Mr. Rendon-Martinez objected to applying the ACCA, but not on the grounds he now raises before this court.  Therefore, this issue is reviewed only for plain error.  *See United States v. Serrano*, 406 F.3d 1208, 1220 (10th Cir. 2005) (applying plain-error review to an ACCA sentence when the defendant did not raise his argument below).

---

[2]     Although he was charged with illegal possession of a firearm *and* ammunition, § 922(g)(1) criminalizes the possession by a felon of "any firearm *or* ammunition" (emphasis added).  "It is hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." *United States v. Gunter*, 546 F.2d 861, 868-69 (10th Cir. 1976).

There was no error, much less plain error. The existence of prior convictions used to enhance a sentence need not be charged in the indictment or proved at trial. *See United States v. Moore*, 401 F.3d 1220, 1223-24 (10th Cir. 2005). In particular, "whether prior convictions happened on different occasions from one another is not a fact required to be determined by a jury but is instead a matter for the sentencing court." *Michel*, 446 F.3d at 1133.

Further, the district court had adequate information to determine that the prior crimes occurred on three different occasions. The government's sentencing memorandum attached the Oklahoma informations listing the dates of the charged offenses. The district court was entitled to refer to these documents to determine when the prior offenses occurred. Mr. Rendon-Martinez's reliance on *Shepard* is inapposite, as *Shepard* explicitly allows a court to examine charging documents, among other permitted materials. *See Shepard*, 544 U.S. at 16, 26; *see also United States v. Harris*, 447 F.3d 1300, 1304 (10th Cir. 2006) ("The time, place, and substance of the prior convictions can ordinarily be ascertained from court records associated with those convictions, and the Supreme Court has held that the Constitution allows sentencing courts to rely on such records to make findings about prior convictions.").

## *Conclusion*

The judgment of the district court is AFFIRMED.

> Entered for the Court
>
>
> Harris L Hartz
> Circuit Judge