**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

v.

DOROTEO RENDON-MARTINEZ,

　　　　　Defendant - Appellant.

No. 12-6175
(D.C. Nos. 5:10-CV-00388-C and
5:10-CR-00095-C-1)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

The district court found Doroteo Rendon-Martinez guilty of being a felon

in possession of a firearm, being an illegal alien in possession of a firearm, and

illegal reentry after aggravated battery. Mr. Rendon-Martinez appealed his

conviction on several grounds, including ineffective assistance of counsel, a

ground we didn't address given our custom of deferring such claims to collateral

proceedings. *See United States v. Rendon-Martinez*, 437 F. App'x 685, 687 (10th

Cir. 2011). Mr. Rendon-Martinez took note and filed a federal habeas petition

under 28 U.S.C. § 2255. In his petition, Mr. Rendon-Martinez alleged his trial

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counsel rendered ineffective assistance by advising him to stipulate to the elements of his gun and immigration offenses and not seeking out a plea bargain, among other grounds not pursued on appeal. Finding the petition without merit, the district court dismissed it. Now before us, Mr. Rendon-Martinez requests a certificate of appealability (COA) in order to contest the district court's decision.

We may grant this request, however, only if Mr. Rendon-Martinez makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires him to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

Mr. Rendon-Martinez has not met this standard. To establish ineffective assistance of counsel, a defendant must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984). Mr. Rendon-Martinez first argues that stipulating to the elements of the gun and immigration offenses didn't benefit him in any way. This is untrue: as a result of the stipulation, he received a two-point reduction in his sentencing guideline for his acceptance of responsibility and, by not signing a plea agreement, he preserved his right to appeal. And, anyway, Mr.

- 2 -

Rendon-Martinez didn't contest the stipulated elements — his gun possession, his status as an illegal alien, and his status as a felon — and three police officers witnessed him handling the gun. Stipulating was a sensible, not deficient, strategy.

Mr. Rendon-Martinez next contends that under (a novel reading of) *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), his trial counsel was deficient by failing to request a favorable guilty plea. These cases require defense counsel to communicate favorable formal plea offers made by the prosecution as a general rule, *Frye*, 132 S. Ct. at 1409, and hold that a court may find ineffective assistance when counsel advises the petitioner to reject a favorable plea offer and go to trial, even if the ensuing trial is fair, *Lafler*, 132 S. Ct. at 1385-86. But there was no plea offer made here, and there's no right to a plea offer. *Id*. at 1387. And, besides, Mr. Rendon-Martinez couldn't show prejudice anyway: the district court correctly rejected Mr. Rendon-Martinez's contention that a favorable plea might have been forthcoming as "mere speculation," insufficient to satisfy the prejudice prong. *See Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

We grant Mr. Rendon-Martinez's motion to proceed *in forma pauperis*, but deny his request for a COA and dismiss this appeal.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge