FILED
United States Court of Appeals
Tenth Circuit

December 22, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICARDO ZUBIA-TORRES,

Defendant-Appellant.

No. 08-2067

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. 07-CR-1967-WJ)**

---

Scott M. Davidson, Albuquerque, New Mexico for Defendant-Appellant.

Andrea Hattan, Assistant United States Attorney (Gregory J. Fouratt, United
States Attorney, and Terri J. Abernathy, Assistant United States Attorney, Las
Cruces, New Mexico, on the brief) for Plaintiff-Appellee.

---

Before **HENRY**, Chief Judge, **McKAY** and **McCONNELL**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

Ricardo Zubia-Torres was convicted, pursuant to a guilty plea, of one count

of reentry of a removed alien, in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and

(b)(2). His advisory guidelines offense level was calculated at twenty-one,

largely on the basis of a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a "drug trafficking offense" committed nine years previously. On appeal, with new counsel, Mr. Zubia-Torres argues that because the statutory language defining his prior offense was broad enough to include mere possession as well as trafficking, the district court erred in concluding that the enhancement applied. Unfortunately for Mr. Zubia-Torres, however, no such objection was lodged in the district court at sentencing and accordingly no record was developed for determination of the applicability of the enhancement. Moreover, on appeal, he points to no evidence suggesting that the imposition of the sixteen-level enhancement was ultimately inappropriate. He is therefore unable to prevail on plain error review.

## I. BACKGROUND

On June 9, 2007, Mr. Zubia-Torres was arrested by United States Border Patrol agents in Las Cruces, New Mexico. Mr. Zubia-Torres previously was deported in 2001. Prior to his deportation on that occasion, he had been convicted of violating section 453.3385 of the Nevada Revised Statutes, which prescribes a penalty for "trafficking in controlled substances." Mr. Zubia-Torres's pre-sentencing report ("PSR") indicated that his prior offense, which occurred nine years previously, involved 26.9 grams of methamphetamine. Treating this prior conviction as a felony conviction for a "drug trafficking offense" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(i), the PSR

recommended that Mr. Zubia-Torres receive a sixteen-level enhancement atop the base offense level of eight for his reentry offense. Because Mr. Zubia-Torres received a three point reduction for demonstrating acceptance of responsibility under U.S.S.G. § 3E1.1, the PSR recommended his advisory guidelines sentence be calculated based on a total offense level of twenty-one.

At sentencing, the district court adopted the PSR's calculation of Mr. Zubia-Torres's guidelines range and imposed a sentence of forty-one months, at the low end of the guidelines range of forty-one to fifty-one months. On appeal, with new counsel, Mr. Zubia-Torres argues that his Nevada conviction was not a "drug trafficking offense" within the meaning of § 2L1.2(b)(1)(A)(i).

## II. STANDARD OF REVIEW

We must first address two issues regarding standard of review: first, whether defense counsel's acquiescence in the PSR guideline calculation constituted a waiver of the right to raise this issue on appeal, as opposed to a mere forfeiture, which would lead to plain error review; and second, whether Mr. Zubia-Torres's own comments during allocution were sufficient to preserve the issue for appeal on a *de novo* basis.

### A. Waiver or Forfeiture

Pointing to an exchange between defense counsel and the court during sentencing, the government contends that the defendant waived his right to challenge the imposition of a sixteen-level enhancement on appeal. When the

court asked defense counsel whether she had anything to state on "– the 16 le[vel] – or the offense calculation or his criminal history score," counsel responded: "Your Honor, the offense was correctly calculated by Probation. Our issue is whether or not it's a *Booker* issue." Tr. 4. The Government argues that this response was an "intentional" and "deliberate" concession that the sixteen-level enhancement applied, such that appellate review is foreclosed. *See United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006) (holding that a party who has waived a right is not entitled to appellate review).

The defendant argues that we should, at most, treat counsel's failure to object as a forfeiture, subject to plain error review. *See Teague*, 443 F.3d at 1314 (holding that in cases of forfeiture, the defendant may obtain appellate review on a plain error standard). We agree with the defendant.

Although it is true that counsel stated that "the offense was properly calculated by probation," this was said in the context of directing the court's attention to Mr. Zubia-Torres's primary argument at sentencing, seeking a variance. There is nothing in the record to suggest that counsel actually identified the issue related to Mr. Zubia-Torres's sentencing enhancement and either invited the court to make the particular error or abandoned any claim that the enhancement did not apply. Rather, we think counsel was merely indicating that she was not raising a sentencing calculation issue and attempting to draw the court's attention instead to the issue she had briefed in her sentencing

-4-

memorandum. *See* Sent. Tr. 4. The record suggests that counsel did not "consciously cho[o]se to forego" the argument, *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006), but rather that she failed to recognize the argument and instead agreed to the PSR's calculation of the sentence. Accordingly, we will review Mr. Zubia-Torres's claim for plain error.

Because there is some uncertainty in our cases regarding the difference between waiver and forfeiture,[1] and because this is a particularly close case, we will lay out in greater detail than usual the reasons we classify the error here as a forfeiture. As we have explained, "waiver is accomplished by intent, [but] forfeiture comes about through neglect." *United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2000), *quoting United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000). We typically find waiver in cases where a party has invited the error that it now seeks to challenge, or where a party attempts to reassert an argument that it previously raised and abandoned below. *See, e.g., Teague*, 443 F.3d at 1316 (defendant waived his challenge to conditions of supervised release because he had proposed them through counsel and personally agreed to them at

---

[1] Some of our cases refer to "waiver" and then proceed to apply plain error review. *See, e.g.*, *U.S. v. Haney*, 318 F.3d at 1161, 1166 (10th Cir. 2003) (first referring to the failure of the defense to raise an issue as a "waiver" and later determining that it was a "forfeiture" and applying plain error review); *see also United States v. Kimler*, 335 F.3d 1132, 1141 (10th Cir. 2003); *United States v. Chavez-Marque*, 66 F.3d 259, 261 (10th Cir. 1995); *United States v. Orr*, 864 F.2d 1505, 1511 n.6 (10th Cir. 1988). In classifying cases, therefore, we treat all cases in which the court reviews for plain error as cases of forfeiture, even if the opinion uses the term "waiver."

sentencing); *Carrasco-Salazar*, 494 F.3d at 1271–73 (defendant waived challenge to sentencing enhancement because he had explicitly abandoned it below). The Supreme Court has instructed that "waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)) (emphasis added).

Our cases demonstrate the distinction. We begin with this Court's unanimous en banc decision in *United States v. Haney*, 318 F.3d 1161 (10th Cir. 2003) (en banc) (Kelly, J.). There, the defendant was charged with two crimes: attempted escape from prison and possession of escape paraphernalia in prison, and was convicted only on the latter charge. The question on appeal was whether he should have been permitted an instruction on a duress defense. As the opinion for the Court painstakingly recounts, "the district court was told repeatedly that Mr. Haney did not assert a duress defense to any claim that he was attempting to escape." *Id.* at 1166. First in a written "Notice of Defense," *id.* at 1164, then at a pre-trial hearing, *id.*, then at a status conference, *id.* at 1164–65, then in an offer to enter a stipulation, *id.* at 1165, then in a written brief addressing jury instructions, *id.* at 1165–66, and finally at the charging conference, *id.* at 1166, counsel explicitly stated that the defendant was raising a duress defense only with regard to potential aiding and abetting liability on the escape charge. Counsel expressly stated that "[w]e don't need duress" if the government did not present an aiding and abetting theory. *Id.* at 1165. When the government represented to

the court that it would not seek aiding and abetting liability, the judge stated that the duress question was a "nonissue." *Id.* Defense counsel then said: "I conceded in my motion Haney should not have a duress defense as it applies solely to his own alleged attempted escape." *Id.* Nonetheless, citing *Jones v. United States*, 527 U.S. 373, 388 (1999), the en banc court unanimously concluded that this was a case of forfeiture, and applied plain error review, apparently because the question of duress for the paraphernalia charge never arose and therefore could not have been intentionally relinquished or abandoned.

This case is similar. In both cases, in the course of pursuing a particular theory of the defense, counsel told the court that the defense was not raising another, closely related issue. (In *Haney*, counsel made this statement repeatedly; in our case only once.) But in neither was there any evidence that counsel had deliberately considered the unraised issue and made an intentional decision to forego it. Counsel simply was focused on another theory.

This case is also strikingly similar to *United States v. Arviso-Mata*, 442 F.3d 382 (5th Cir. 2006) (Higginbotham, J.). There, counsel made a *Blakely* objection to sentencing on the basis of judge-found facts. When the court asked if there were any objections to the PSR, counsel answered that he had made a *Blakely* objection but "[o]utside of that, Your Honor, we have no objections to the PSR." *Id.* at 383. On appeal, the defendant sought to argue that the district court plainly erred in assessing two criminal history points for a misdemeanor more

than ten years old.  As in our case, the government argued that the issue had been waived and not merely forfeited.  The Fifth Circuit rejected the government's argument, explaining: "There is no evidence, here, that counsel knew of the sentencing guidelines issue and that he consciously chose to forego it.  The government's only evidence of waiver is counsel's statement that, other than the *Blakely* objection, he had no problem with the PSR.  This statement, alone, is insufficient to establish that Arviso's counsel abandoned a known right."  *Id.* at 384.  The court therefore reviewed the issue for plain error.

This case is virtually on all fours with *Arviso-Mata*.  In both cases, defense counsel lodged a Sixth Amendment challenge to the sentencing procedure, and on inquiry from the court expressly stated that he had no objection to the PSR calculation.  In neither case was there any evidence that the defense considered the issue later raised on appeal, and thus no evidence that the waiver was conscious or intentional.

*Haney* and *Arviso-Mata* may be contrasted to decisions by this court finding waiver, not forfeiture.  In *United States v. Carrasco-Salazar*, 494 F.3d 1270 (10th Cir. 2007), defense counsel filed a written objection to a PSR recommendation of a 16-level enhancement for a prior crime of violence.  In response, the probation officer filed an addendum to the PSR and the government produced an additional document supporting application of the enhancement.  The defense did not respond.  At the sentencing hearing, the district court asked

counsel if the objections to the PSR had been resolved, and defense counsel answered: "Yes, your honor." *Id.* at 1272. When the defendant sought to "resurrect" the enhancement issue on appeal, this court concluded that the issue had been waived, and not merely forfeited. The court did not rely solely on counsel's answer to the court, but looked to "the sequence of events" to determine whether the purported waiver was "knowing and voluntary." *Id.* at 1273. The Court answered this question in the affirmative, explaining: "There can be no clearer 'intentional relinquishment or abandonment of a known right,' *Olano*, 507 U.S. at 733, than when the court brings the defendant's prior objection to his attention, asks whether it has been resolved, and the defendant affirmatively indicates that it has[.]" *Id.* In support of its conclusion, the Court cited two cases from other circuits, *United States v. Denkins*, 367 F.3d 537, 543 (6th Cir. 2004), and *United States v. Thompson*, 289 F.3d 524, 527 (8th Cir. 2002). In both of them, defense counsel first raised an objection to the PSR and later explicitly "abandoned" or "withdrew" the objection.

Similarly, in *United States v. Gambino-Zavala*, 539 F.3d 1221, 1227 (10th Cir. 2008), the court found waiver, not forfeiture, when defense counsel first raised an issue and then affirmatively abandoned it. The defendant moved to suppress certain evidence, which the government claimed had been found in plain view. In a written pleading, the defendant argued that no facts were in dispute, but during the suppression hearing challenged the evidentiary basis for the

-9-

government's plain view argument. The prosecutor responded that he thought the facts were undisputed but that the government could prove its position by testimony. Defense counsel neither contested the prosecutor's argument nor insisted that the testimony be heard. Accordingly, this Court found waived, the argument that the government had not proved that the contraband was in plain view. Defense counsel obviously knew of the issue. By his action, the defendant "affirmatively abandoned his challenge to the officers' testimony about the contraband and waived any claim on appeal." *Id.* at 1227.

In this case, by contrast, the defendant never made the argument that his prior conviction was not for a drug trafficking offense, and so he could not have "affirmatively abandoned" it. Defense counsel did not decline a government offer to submit documentation of the nature of the offense; no one ever suggested it was necessary. The record is simply devoid of any evidence that defense counsel knew of the argument or considered making it. We will not presume a waiver or infer one from a record as sparse as this. We do not suggest that waiver can be found only when an objection is made and then abandoned, or error invited, but we do hold, consistent with our precedents, that there must be some evidence that the waiver is "knowing and voluntary," beyond counsel's rote statement that she is not objecting to the PSR.

**B. Whether the Issue Was Preserved On Allocution**

For his part, the defendant argues that we should review his claim *de novo* on the basis of an argument that Mr. Zubia-Torres personally made during allocution. Aplt. Br. 12. There, Mr. Zubia-Torres stated through an interpreter: "[o]ne thing that you're not taking into account with the trafficking charge is that the amount was ridiculous, that I was more of a drug addict than a drug trafficker." Sent. Tr. 11. He asks us to treat this statement as a challenge to the conclusion that his prior conviction was for drug trafficking.

This Court has never held that a defendant's own statements during allocution are sufficient to preserve an issue regarding the proper calculation of the guidelines range. *See* FED. R. CRIM. P. 32(f)(1) (allowing parties to object to the PSR within fourteen days of receiving the report); *id.* at 32(i)(1)(D) (authorizing the court to allow parties, for good cause, to make new objections "at any time before sentence is imposed").[2] Here, the defense made no objection to the PSR within the fourteen day period and did not ask the court to allow new objections after that point.

---

[2]In *United States v. Jarvi*, 537 F.3d 1256 (10th Cir. 2008), the defendant attempted to raise certain guideline calculation issues not raised by counsel, but was not given the opportunity to do so. We reversed on the ground that his right to allocution under FED. R. CRIM. P. 32(i)(4)(A)(ii) had been violated. We further held that on remand, the district court should determine whether there was good cause under Rule 32(i)(1)(D) to consider the arguments made by the defendant. *Id.* at 1263–64. Because the defendant was not permitted to allocute, we had no occasion to determine whether a defendant's own raising of guidelines issues during allocution could preserve them for appeal.

Even assuming, however, that a challenge by the defendant during allocution could, under certain circumstances, suffice to raise an issue before the sentencing court, Mr. Zubia-Torres's vague statement was insufficient to raise a genuine dispute regarding the enhancement. To say that he was "more of a drug addict than a drug trafficker" does not deny that he was both; and it is possible to be convicted of drug trafficking for sale of even a small quantity of methamphetamine. The legal issue, in any event, has to do with the breadth of the Nevada statute under which he was convicted and not with his actual conduct. We therefore reject the argument that we must review the propriety of the enhancement on a *de novo* basis.

### III. THE SENTENCING ENHANCEMENT

When reviewing an issue for plain error, we will reverse the judgment below only if there is (1) error, (2) that is plain, which (3) affects substantial rights. *United States v. Johnson*, 414 F.3d 1260, 1263 (10th Cir. 2005). If these three criteria are met, then we may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.* Because Mr. Zubia-Torres failed to present any evidence suggesting that imposition of the § 2L1.2 enhancement was ultimately inappropriate in his case, he cannot show that his substantial rights were affected by any error that may have been committed.

The Sentencing Commission defines a "drug trafficking offense" under § 2L1.2 as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).  As the defendant points out, section 453.3385 of the Nevada Revised Statutes encompasses some conduct that does not qualify under this definition.  Section 453.3385 applies to "a person who knowingly or intentionally sells, manufactures, delivers or brings into this State *or who is knowingly or intentionally in actual or constructive possession* of [drugs]" (emphasis added). Thus, one could be convicted of section 453.3385 for possession alone, which would be beyond the scope of the sixteen-level enhancement in § 2L1.2.

Had the defendant lodged a proper objection to the enhancement during the sentencing proceeding, the probation office and the government would have shouldered the burden of producing appropriate judicial documents to clarify the nature of Mr. Zubia-Torres's crime.  "When the underlying statute reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy." *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005).

Because defense counsel conceded the correctness of the Guidelines calculation in the PSR, however, neither the probation officer, the government, nor the district court had occasion to seek production of the necessary documents. Even on appeal, the defendant offers no evidence that his conviction was for mere possession rather than sale.[3] We therefore have no way to know whether the enhancement properly applied.

As a result, even if we regard the district court's ruling on the enhancement issue as error, Mr. Zubia-Torres has failed to show that his substantial rights were affected. To satisfy this prong of plain error review, the defendant usually must show that the error "affected the outcome of the district court proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005). This is also the case when the error occurs during sentencing. *Id.* at 733. Importantly, "a defendant appealing [his] sentence who failed to timely object to [an] alleged error bears the burden of proving prejudice under plain error analysis." *Id.* (quoting *United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003)). Here, if appropriate documents showed that Mr. Zubia-Torres's conviction was for a drug

---

[3] That distinguishes this case from *United States v. Marquez*, 258 Fed. Appx. 184 (10th Cir. 2007). There, the defendant's guilty plea conceded that a prior conviction was for an aggravated felony; but it later turned out that his prior conviction resulted only in probation. Reviewing on plain error, this Court found that imposition of the enhancement was error that was plain, and reversed the sentence. In this case, unlike *Marquez*, the defendant has presented no evidence on appeal that his drug conviction was for mere possession. We have no occasion in this case to determine the effect if counsel had proffered the relevant documents on appeal.

trafficking offense, then the § 2L1.2 enhancement would properly apply, notwithstanding any legal error in the sentencing judge's approach. By failing to present any evidence that relevant documents would indicate his conviction was not for drug trafficking, the defendant has failed to meet his burden under the third prong of plain error review.

This conclusion finds support in *United States v. Svacina*, 137 F.3d 1179, 1187 (10th Cir. 1998). In *Svacina*, the sentencing court applied the wrong version of the Sentencing Guidelines. The manual in effect at the time of the offense distinguished between two types of methamphetamine and placed the burden on the government to prove which type was involved; a newer version of the guidelines, which the district court mistakenly applied, eliminated this distinction. The defendant failed to lodge an objection at trial, however, so this Court reviewed the decision on a plain error standard. The Court found that application of the improper version of the guidelines did not amount to plain error because the defendant could not prove that he had been disadvantaged. *Id.* at 1186. The defendant would have been disadvantaged only if the government were unable to prove that the methamphetamine involved was of the sort warranting the stiffer punishment, but because neither the sentencing court nor the government had any reason to seek or present evidence regarding which kind of methamphetamine was involved, that question was unanswerable. As the Court explained: "This court has held repeatedly that factual disputes not brought to the attention of the [trial]

court do not rise to the level of plain error." *Id.* at 1187. The Court further commented, in words equally applicable to the present case, that "[t]his is precisely the kind of issue that should be raised at sentencing, if not before, so that a record sufficient to permit adequate review is thereby developed." *Id.* Here, as in *Svacina*, Mr. Zubia-Torres was disadvantaged by the district court's ruling only if the government were unable to prove, by appropriate judicial documents, that his prior conviction was for drug trafficking. Because of the defendant's failure to object to application of the sentencing enhancement, or even to present evidence on appeal indicating that imposition of the enhancement was erroneous, we have no basis on which to determine that. The defendant has therefore failed to meet his burden to show that the court's approach prejudiced his substantial rights.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** Mr. Zubia-Torres's sentence.