FILED
United States Court of Appeals
Tenth Circuit

July 27, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

FERNANDO CASTELLANOS-BARBA,
a/k/a Rafael Barba Castellanos, a/k/a
Javier Franco, a/k/a Rigoberto
Castellanos, a/k/a Jose Orozco Ramirez,

      Defendant–Appellant.

No. 10-1238

**ORDER**

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Appellant's petition for rehearing is granted for the purpose of amending the order

and judgment filed March 21, 2011. The revised published opinion is attached.

The petition for rehearing en banc was transmitted to all of the judges of the court

who are in regular active service. As no member of the panel and no judge in regular

active service on the court requested that the court be polled, that petition is also denied.

Entered for the Court

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

July 27, 2011

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

       Plaintiff–Appellee,

v.

FERNANDO CASTELLANOS-BARBA,
a/k/a Rafael Barba Castellanos, a/k/a
Javier Franco, a/k/a Rigoberto
Castellanos, a/k/a Jose Orozco Ramirez,

       Defendant–Appellant.

No. 10-1238

---

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:09-CR-00523-PAB-1)**

---

Submitted on the briefs:[*]

Veronica S. Rossman, Assistant Federal Public Defender (Raymond P. Moore, Federal
Public Defender, with her on the brief), Denver, Colorado for the Defendant-Appellant.

Hayley Reynolds, Assistant United States Attorney (John F. Walsh, United States
Attorney, with her on the brief), Office of the United States Attorney, District of
Colorado, Denver, Colorado, for the Plaintiff-Appellee.

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

**LUCERO**, Circuit Judge.

Fernando Castellanos-Barba appeals the district court's calculation of his sentence under the United States Sentencing Guidelines. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

**I**

Castellanos-Barba was indicted and pled guilty to a single charge of illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). His Presentence Investigation Report ("PSR") recommended a 16-level increase under Guidelines § 2L1.2(b)(1)(A)(i) because Castellanos-Barba was deported after "a drug trafficking" felony: his 1992 California conviction for "Sale or Transportation of Marijuana."

Castellanos-Barba did not dispute that the 1992 conviction was a drug trafficking felony, but asked the court to exercise its discretion and reject the 16-level enhancement. Denying this request, the district court concluded that conviction for "sale or transport" of a controlled substance "fits within the intent of [the § 2L1.2(b)(1)(A)(i)] enhancement."

**II**

On appeal, Castellanos-Barba argues that his 1992 conviction was not a drug trafficking felony. He concedes that we review this new claim for plain error. See United States v. Gonzalez-Jaquez, 566 F.3d 1250, 1251-52 (10th Cir 2009). Plain error occurs if: (1) there is error; (2) it is "clear or obvious"; (3) it "affects substantial rights"; and (4) it "seriously affects the fairness, integrity, or public reputation of judicial

2

proceedings." United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005).

The district court committed error. To determine whether a prior conviction qualifies as a drug trafficking offense under § 2L1.2(b)(1)(A)(i), a district court must generally follow the categorical approach adopted in Taylor v. United States, 495 U.S. 575, 600-02 (1990). See United States v. Torres-Romero, 537 F.3d 1155, 1158 (10th Cir. 2008). Under the categorical approach, a court looks first to the statute under which the defendant was convicted. Id. If the statute encompasses a broad array of conduct, some of which would trigger the enhancement and some of which would not, the court must apply the "modified categorical approach," looking to "reliable judicial records" to determine whether a predicate conviction was based on conduct triggering the enhancement. Id.

> Castellanos-Barba was convicted under a California statute, which states:
>
> Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.

Cal. Health & Safety Code § 11360(a) (1992). The statute thus included drug trafficking offenses (for example, "sells") and non-trafficking offenses (for example, "transports").[1]

---

[1] California has construed the statute to encompass transportation of marijuana for personal use. See People v. Rogers, 486 P.2d 129, 132 (Cal. 1971). And under federal law, mere transportation for personal use is not "trafficking." Cf. United States v. Herrera-Roldan, 414 F.3d 1238, 1240 (10th Cir. 2005); U.S.S.G. § 2L1.2(b)(1), App. n. 1(B)(iv). But see United States v. Millan-Torres, 139 F. App'x 105, 110-11 (10th Cir. 2005) (unpublished) (interpreting § 11360 differently, but not considering Rogers or the statute's inclusion of transportation for personal use).

3

The court erred by failing to apply the modified categorical approach.

This error was plain. Our sister circuits evaluating convictions under § 11360 and similar California statutes have found that the categorical approach is not sufficient to determine if a predicate conviction is for a drug trafficking offense.[2] An absence of binding precedent from this court or the Supreme Court is not dispositive: such guidance is not required if the district court's interpretation was clearly incorrect. United States v. Ruiz-Gea, 340 F.3d 1181, 1187 (10th Cir. 2003). Given its erroneous interpretation of California law and the significant consensus among other circuits on the matter, the district court's conclusion was plainly erroneous.

However, we are bound by circuit precedent to conclude that the error did not affect substantial rights. See United States v. Zubia-Torres, 550 F.3d 1202, 1209 (10th Cir. 2008). In Zubia-Torres, we required a defendant arguing plain error in the application of § 2L1.2 to make a showing before this court that his earlier conviction did not, in fact, involve drug trafficking conduct. Zubia-Torres, 550 F.3d at 1209.

Our approach contrasts with that of the Fifth Circuit, which held that the appropriate procedure, upon a finding that the district court misapplied the categorical approach, is to remand to the trial court in order to determine whether the documents of conviction support application of the sentencing enhancement. United States v. Bonilla-

---

[2] United States v. Maroquin-Bran, 587 F.3d 214, 218 (4th Cir. 2009); United States v. Medina-Almaguer, 559 F.3d 420, 422 (6th Cir. 2009) (evaluating a similar statute); United States v. Almazan-Becerra, 537 F.3d 1094, 1096 (9th Cir. 2008); United States v. Garcia-Medina, 497 F.3d 875, 877 (8th Cir. 2007) (evaluating a similar statute); United States v. Gutierrez-Ramirez, 405 F.3d 352, 359 (5th Cir. 2005) (evaluating a similar statute).

4

Mungia, 422 F.3d 316, 320-21 (5th Cir. 2005).

Castellanos-Barba urges us to use the Fifth Circuit's process when there is a risk that a substantial right has been affected because we, as a court of appeals, are not competent to find facts. See Green v. Post, 574 F.3d 1294, 1304 n.9 (10th Cir. 2009) ("[W]e do not find facts on appeal . . . ."). Further, he points to the tension between Zubia-Torres, which requires a defendant to supplement the record on appeal, and Fed. R. App. P. 10(e) and 10th Cir. R. 10.3, which confirm our discretion to deny any attempt to do so.

The propriety of this court's holding in Zubia-Torres, cannot be contested by another panel of this court. See In re Smith, 10 F.3d 723, 724 (10th Cir. 1993). Further, Castellanos-Barba's concerns are overstated. Although he is correct that an appellate court is not a fact-finding body, we have the authority to take judicial notice of "publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (2007); see Fed. R. Evid. 201. Although "we are not obliged" to take judicial notice, Ahidley, 486 F.3d at 1192 n.5, a logical corollary of Zubia-Torres' requirement to supplement the record is that such a supplement, when properly before us, will be received.

Castellanos-Barba also contends that our approach violates the general rule that the government must prove the applicability of a sentencing enhancement. But, Zubia-Torres merely acknowledges that, in cases such as this, a defendant making an allegation of plain error has a burden of production as well as the usual burden of persuasion. 550

5

F.3d at 1209. On plain error review, the burden is always on the appellant to show that an error has affected substantial rights. See United States v. Begaye, 635 F.3d 456, 470 (10th Cir. 2011).

Because Castellanos-Barba has failed to proffer any records showing that his conviction was for transportation for personal use rather than drug trafficking conduct, we must conclude that his substantial rights were not affected.

**III**

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

6