FILED
United States Court of Appeals
Tenth Circuit

July 31, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BALTAZAR CARRILLO-TORRES,

    Defendant-Appellant.

No. 11-3110
(D.C. No. 2:10-CR-20112-01-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL** and **HARTZ**, Circuit Judges.

On March 31, 2011, Baltazar Carrillo-Torres pled guilty to one count of illegal re-

entry by a previously deported alien after conviction for an aggravated felony, in

violation of 8 U.S.C. § 1326(a) and (b)(2). Pursuant to the recommendation in the

Presentence Investigation Report ("PSR")—to which Mr. Carrillo-Torres never objected

below—the district court sentenced Mr. Carrillo-Torres to thirty-three months'

---

[*]Having examined the briefs and the appellate record, this panel unanimously determines that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment followed by a three-year term of supervised release. In this direct criminal appeal, appointed counsel for Mr. Carrillo-Torres argues in an *Anders* brief that the sentence imposed was substantively unreasonable, and moves to withdraw as counsel.[1]

In supplemental pro se briefing, Mr. Carrillo-Torres argues that the district court erred by (1) considering his prior state conviction as an "aggravated felony" for purposes of sentencing under 8 U.S.C. § 1326; and (2) considering that prior conviction to be a "drug trafficking offense" under U.S.S.G. § 2L1.2, resulting in enhancement of his advisory sentencing range under the Federal Sentencing Guidelines ("Guidelines"). Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we AFFIRM. We also grant defense counsel's motion to withdraw.[2]

 1. *Whether the sentence was substantively reasonable*

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

[2] [*Anders*] authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under *Anders,* counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted). In this case, while Mr. Carrillo-Torres's substantive reasonableness argument is frivolous, we do not think his other two arguments, though ultimately meritless, are frivolous. It is not clear to the Court why defense counsel did not make those latter arguments in her brief. In any event, because we affirm and dismiss this appeal, we grant defense counsel's motion to withdraw.

Counsel for Mr. Carrillo-Torres argues in his *Anders* brief that the thirty-three-month sentence imposed in this case—a sentence eight months below the low end of the applicable advisory range prescribed by the Guidelines—was substantively unreasonable. Counsel submits that this sentence was excessive in light of the sentencing objectives set forth in 18 U.S.C. § 3553(a). Reviewing for an abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 46 (2007), we consider the totality of the circumstances, *id.* at 51, and afford a rebuttable presumption of substantive reasonableness to this sentence, which was below the advisory Guidelines range, *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). On appeal, counsel for Mr. Carrillo-Torres offers no specific reason why that presumption should be rebutted.[3] Having reviewed the record in this case, we find no reason to conclude that the district court's sentencing determination was "arbitrary, capricious, whimsical, or manifestly unreasonable," *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation marks, citation omitted), and therefore conclude that the district court committed no abuse of discretion.

   2. *Whether a prior conviction was an aggravated felony*

---

[3] To the extent that Mr. Carrillo-Torres seeks to identify error with the district court's refusal formally to depart downward based on cultural assimilation pursuant to Application Note 8 to U.S.S.G. § 2L1.2—as opposed to varying below the advisory sentencing range under the general considerations of 18 U.S.C. § 3553(a)—that effort is fruitless on appeal. This Court lacks jurisdiction to review the district court's discretionary decision not to depart downward under § 2L1.2 when, as in this case, the district court did not state (erroneously) that it lacked authority to depart downward, but rather simply declined to do so in light of the circumstances of this case. *See United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005); *United States v. Castillo*, 140 F.3d 874, 887-88 (10th Cir. 1998).

In his pro se briefs, Mr. Carrillo-Torres argues that the district court procedurally erred by considering his prior state conviction to be an "aggravated felony" under 8 U.S.C. § 1326(b)(2) and sentencing him thereunder.[4]  He observes that whereas "[a] defendant convicted under section 1326(a) is generally subject to a maximum term of imprisonment of two years," "a defendant whose prior removal from the United States was 'subsequent to a conviction for commission of an aggravated felony' may receive up to a twenty-year sentence under section 1326(b)(2)."  Aplt. Supp. Br. at 6; *see also id.* at 9.[5]  Mr. Carrillo-Torres unconditionally pled guilty to illegal re-entry after conviction for an aggravated felony, and never otherwise objected below to counting his prior conviction as an aggravated felony.  As such, he failed to preserve his present argument, so we review for plain error.  *See, e.g.*, *United States v. Marquez*, 258 Fed. App'x 184,

_____

[4] An "aggravated felony" in this context includes (among other, presently inapplicable offenses) "illicit trafficking in a controlled substance . . . , including a drug trafficking crime (as defined in section 924(c) of Title 18)."  8 U.S.C. § 1101(a)(43)(B).  In turn, 18 U.S.C. § 924(c)(2) defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ."

[5] Contrary to Mr. Carrillo-Torres's suggestion, the district court did not apply an "aggravated felony [sentence] enhancement" under the Guidelines.  Aplt. Supp. Br. at 9 n.1 (emphasis added).  Rather, the district court sentenced Mr. Carrillo-Torres under a particular penalty provision of the statute, 8 U.S.C. § 1326(b)(2), which authorizes a higher mandatory maximum *under the statute*.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998); *see also Apprendi v. New Jersey*, 530 U.S. 466, 487-89 (2000).  Thus, to the extent that Mr. Carrillo-Torres asserts there was error in applying a sentence enhancement *under the Guidelines* for prior commission of an aggravated felony, *see, e.g.*, Aplt. Br. at 8 ("[T]he 16-point 'aggravated felony' enhancement was improper."), that argument is meritless.  The sixteen-point sentence enhancement in this case had to do with prior commission of a "drug trafficking offense," as discussed *infra*.

4

188 n.2 (10th Cir. 2007) (unpublished).[6]  Accordingly, we ask whether there was "'(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  *Id.* at 188 (quoting *United States v. Cereceres-Zavala,* 499 F.3d 1211, 1217 (10th Cir. 2007)).

Mr. Carrillo-Torres's PSR indicates that in 1993, he was convicted in California state court of three counts of "Sale or Transportation of Cocaine," one count of "Offering to Sell More than 10 Pounds of Cocaine," and two counts of "Transportation of Cocaine from One County to Another Noncontiguous County," and was sentenced to a total of fifteen years and eight months' imprisonment for these convictions.  However, neither the PSR nor any other part of the appellate record identifies the California statute(s) under which Mr. Carrillo-Torres was convicted (although Mr. Carrillo-Torres references Cal. Health & Safety Code § 11352(a)[7] in his pro se appellate briefs).  No documents from

---

[6] We acknowledge that in *United States v. Gonzalez-Coronado*, 419 F.3d 1090 (10th Cir. 2005), we reviewed de novo the district court's sentencing under § 1326(b)(2) following its determination the defendant had been convicted of an "aggravated felony."  *See id.* at 1092.  *Gonzales-Coronado* is distinguishable in the standard of review context, however, because in that case, the defendant simply "pled guilty to being in the United States unlawfully after having been previously deported, violating 8 U.S.C. § 1326(a)," and then the district court sentenced him under § 1326(b)(2) after determining that a prior conviction was an aggravated felony. *Id.* at 1092.  Additionally, the defendant-appellant had objected, at sentencing, to the district court's classification of his former felony conviction as an "aggravated" one. *Id.* at 1094.  In contrast, in the present case, Mr. Carrillo-Torres pled guilty under § 1326(b)(2) specifically, admitting both in his written guilty plea and at the plea hearing that he had been previously convicted of an aggravated felony.  Further, he never objected, in district court, to the classification of his prior conviction as an aggravated felony.

[7] Cal. Health & Safety Code § 11352(a) provides, in relevant part, that "every person who

5

those prior convictions, such as the judgment or the indictment, were attached to the PSR, and none appear otherwise to have been presented below; they are not in the appellate record. Also, neither the indictment, the guilty plea, nor the judgment in this case specify by name any particular aggravated felony for which Mr. Carrillo-Torres was previously convicted.

Mr. Carrillo-Torres does not challenge the facts surrounding his prior convictions as stated in the PSR; he simply argues that it cannot be concluded—from the PSR or from the California statute he identifies as proscribing such conduct—that any of his admitted-to convictions qualify as an "aggravated felony" under § 1326(b)(2). However, Mr. Carrillo-Torres has never denied that at least one of those prior state convictions— collectively for which he was sentenced to more than fifteen years' imprisonment—is at least a "felony" (a non-aggravated one), such that he would be subject to the ten-year statutory maximum sentence of § 1326(b)*(1)*, even if he were not subject to the twenty-year maximum under § 1326(b)*(2)*. We therefore need not reach the question of whether it was plain error to count one of Mr. Carrillo-Torres's prior convictions as an aggravated felony, since it is not disputed that the prior conviction was at least a felony for purposes of § 1326(b)(1). Since Mr. Carrillo-Torres was sentenced to thirty-three months' imprisonment—under the ten-year maximum of § 1326(b)(1)—any error in classifying

---

transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport [certain controlled substances] shall be punished by imprisonment . . . for three, four, or five years."

his prior conviction as an aggravated felony as opposed to a simple felony was harmless. *See Gonzales-Coronado*, 419 F.3d at 1094. Consequently, assuming arguendo there was plain error in classifying a prior conviction as an aggravated felony, any such error did not affect Mr. Carrillo-Torres's substantial rights, and so reversal is not warranted for this reason.

3. *Whether a prior conviction was a felony drug trafficking offense*

Finally, also in his pro se brief, Mr. Carrillo-Torres argues that the district court erred in applying a sixteen-point enhancement to his base offense level under the Guidelines in light of a prior "conviction for a felony that is [among other, presently inapplicable offenses] (i) a drug trafficking offense for which the sentence imposed exceeded 13 months."[8] U.S.S.G. § 2L1.2(b)(1)(A). Mr. Carrillo-Torres argues that it cannot properly be deduced, from his PSR or from the California statute under which he claims he was convicted, that his convictions meet the applicable definition of a felony drug trafficking offense for purposes of § 2L1.2(b)(1)(A). Once again, Mr. Carrillo-Torres did not preserve this argument, having failed to object below to the application of

---

[8] A "felony," for purposes of § 2L1.2(b)(1)(A), is defined in Application Note 2 as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." Additionally, a "drug trafficking offense" is defined in Application Note 1(B)(iv) to § 2L1.2 as

> an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

this enhancement. Thus, contrary to Mr. Carrillo-Torres's reference to "the government['s] . . . burden to convincingly demonstrate that the sentencing court would have imposed the very same sentence if it had not applied the [§ 2L1.2(b)(1)(A)] enhancement," Aplt. Supp. R. Br. at 7, we again review under a plain-error standard. *See United States v. Zubia-Torres*, 550 F.3d 1202, 1204-07 (10th Cir. 2008).

Once again, we may affirm without reaching the question of whether there was plain error. Assuming arguendo there was, Mr. Carrillo-Torres has failed to show that his substantial rights were affected. *See id.* at 1209. We have addressed similar situations in the past. In *Zubia-Torres*, where it was possible that a defendant could be convicted under a particular state statute for an offense that "would be beyond the scope of the sixteen-level enhancement in § 2L1.2," *id.*, we explained:

> Had the defendant lodged a proper objection to the enhancement during the sentencing proceeding, the probation office and the government would have shouldered the burden of producing appropriate judicial documents to clarify the nature of [his] crime. "When the underlying statute reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy." . . . Because defense counsel conceded the correctness of the Guidelines calculation in the PSR, however, neither the probation officer, the government, nor the district court had occasion to seek production of the necessary documents. Even on appeal, the defendant offers no evidence that his conviction was for [conduct under the statute that would not implicate § 2L1.2, as opposed to that which would]. We therefore have no way to know whether the enhancement properly applied.
>
> As a result, even if we regard the district court's ruling on the enhancement issue as error, [defendant] has failed to show that his substantial rights were affected.

8

*Id.* (citation, footnote omitted).

We reached the same conclusion in *United States v. Castellanos-Barba*, 648 F.3d 1130 (10th Cir. 2011), in a materially identical situation where the defendant was convicted under a California statute, Cal. Health & Safety Code § 11360(a)—a statute that closely resembles the one under which Mr. Carrillo-Torres claims to have been previously convicted, *see supra* n.7. *See Castellanos-Barba*, 848 F.3d at 1132-33 ("The propriety of this court's holding in *Zubia-Torres*, cannot be contested by another panel of this court. . . . Because [defendant-appellant] has failed to proffer any records showing that his conviction was for transportation for personal use rather than drug trafficking conduct, we must conclude that his substantial rights were not affected.").

In this case, "appropriate documents" might "show[] that [Mr. Carrillo-Torres's] conviction was for a drug trafficking offense, [such that] the § 2L1.2 enhancement would properly apply, notwithstanding any legal error in the sentencing judge's approach." *Zubia-Torres*, 550 F.3d at 1209. Therefore, because Mr. Carrillo-Torres did not raise this issue below, and "fail[ed] to present any evidence that relevant documents would indicate his conviction was not for drug trafficking," he has "failed to meet his burden under the third prong of plain error review." *Id.*

*4. Conclusion*

For the foregoing reasons, we AFFIRM the sentence imposed in this case, and we grant defense counsel's motion to withdraw.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge