PHILLIPS, Circuit Judge,
dissenting.
The district court enhanced Armendar-iz’s sentence by 16 offense levels after finding at the sentencing hearing that “[h]e was convicted of burglary of a habitation, which is considered by the probation office and the law to be a crime of violence.”[1] (ROA vol. 2, at 24 (emphasis added).) In doing so, the district court applied the categorical approach to determine that a Texas “burglary of a habitation” qualifies as a “burglary of a dwelling” (and hence a “crime of violence”) under U.S.S.G. § 2L1.2(b)(l)(A)(ii), n. l(B)(iii). Because I believe that in opposing the enhancement Armendariz has met the four requirements of plain error, I would reverse and remand for resentencing.
1. Error
In determining that convictions for burglary of a habitation under Texas Penal Code § 30.02 categorically qualify as a burglary of a dwelling under § 2L1.2, the district court failed to consider United States v. Ventura-Perez, 666 F.3d 670 (10th Cir.2012). There, this Court applied a modified categorical analysis to the definition of “habitation” as used in § 30.01(1)(A), (B). Id. at 673, 676. It divided “habitation” into two parts, reasoning that even if the second part (§ 30.01(B)) included non-dwellings “the modified categorical approach would permit the government to show that a defendant’s prior conviction” was for a burglary under the first part (§ 30.01 (1)(A)), which included only dwellings. Id. at 676. see also United States v. Porras-Rubi, 468 Fed.Appx. 892, 898 (10th Cir.2012) (unpublished) (also applying modified categorical approach to “habitation” under the same Texas burglary statute).
In my view, the district court erred by treating all burglaries of habitations under Texas Penal Code § 30.02 as “burglaries of dwellings” under U.S.S.G. § 2L1.2 n. l(B)(iii). The district court should have followed Ventura-Perez and divided “habitation” into its two constituent parts. Once it had done so, it could have compared each part to the definition of generic “dwelling” given by United States v. Rivera-Oros, 590 F.3d 1123 (10th Cir.2009).
*884 In Rivera-Oros, this Court defined generic “dwelling” as “not limited to permanent and immovable structures or buildings,” but “[r]ather a ‘dwelling’ includes[2] any ‘enclosed space that is used or intended for use as a human habitation.’ ”[3] Id. at 1131-1132 (quoting Black’s Law Dictionary 582 (9th ed.2009)).[4] Because sheds, unattached garages, and other appurtenant structures are not intended for use as human habitations, and because not all other structures intended for human habitation are necessarily enclosed,[5] the second kind of Texas “habitations” — appurtenant structures — do not qualify as “dwellings” under U.S.S.G. § 2L1.2. See Texas Penal Code § 30.01(1)(B).
In light of Venturar-Perez and Rivera-Oros, the district court needed the Shepard documents to see whether Armendariz was necessarily convicted of burglarizing a structure adapted for the overnight accommodation of persons. On appeal, Armen-dariz has provided us with the Shepard documents, and these documents do not show Armendariz’s conviction was on such narrow grounds.[6] Texas case law tells us that convictions under Texas Penal Code § 30.02 can reach “non-dwellings,” including appurtenant structures not adapted for *885 overnight accommodation.[7] Accordingly, because Armendariz was not necessarily convicted of burglarizing a generic “dwelling,” the district court should not have enhanced his sentence by 16 offense levels.[8]
Without discussing Ventura-Perez, the panel agrees with the district court that the categorical approach applies here. See Order and Judgment at 11 (“[T]he fact that the elements of the Texas statute do not appear to be divisible establishes no error occurred in its [the district court’s] failure to apply a modified categorical approach.”). In concluding this, the panel relies on Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), to establish that the “habitation” element in the Texas burglary statute is indivisible.
I disagree with the panel’s reading of Descamps. That case involves a far different question from the one presented here, and nothing in that case counsels or compels that this Court abandon Ventura-Perez. Rather than involving the instant question whether a statutory element (e.g., “habitation”) was divisible, Descamps addressed an unrelated question whether the government could prove a missing generic burglary element in California’s burglary statute (unlawful entry) by using Shepard documents to show that a defendant had in fact unlawfully entered the property he burglarized. 133 S.Ct. at 2281-82. Although the Ninth Circuit allowed this expansion of the modified categorical approach, the Supreme Court did not. Id. at 2282. Instead, the Court reaffirmed that the controlling issue is whether a defendant necessarily was convicted of each generic element, not whether he “committed generic burglary, and so hypothetically could have been convicted under a law criminalizing that conduct.” Id. at 2287-88 (emphasis in original).
Here, by contrast, the issue is whether the two kinds of structures from separate statutory phrases in Texas’s definition of “habitation” are alternative elements. Nothing in Descamps disallows Ventura-Perez ’s use of the modified categorical approach to evaluate whether either of the statutory phrases for habitation matched generic “dwelling.” In fact, responding to a hypothetical statute used by the Ninth Circuit to illustrate its view, the Court in Descamps said that a statute criminalizing assault with any of eight specified weapons would be divisible under a modified categorical approach to try to learn whether a defendant had necessarily been convicted of using a specific kind of weapon, e.g., a gun. Id. at 2290. The Court contrasted that with another hypothetical statute re *886 quiring “only an indeterminate ‘weapon.’ ” In this second case, the Court said that “even if in many cases, the jury could have readily reached consensus on the weapon used, a later sentencing court cannot supply that missing judgment.” Id.
The Texas statute defining “habitation” is more like Descamps’s first hypothetical statute. It provides two separate kinds of habitation — (i) “structures adapted for the overnight accommodation of persons” and (ii) “structure[s] appurtenant or connected with the structure.” Just as a prosecutor could charge the use of any one of the eight particular kinds of weapon under Descamps’s first hypothetical statute, a Texas prosecutor could charge burglary of either kind of habitation found in the two separate statutory phrases.
However, even if the panel is correct that “habitation” is indivisible despite Ven-turar-Perez, Armendariz still should prevail. The indivisible “habitation” element would lump together all the structures from the two separate statutory phrases. This lumped “habitation” would then include the non-dwellings already mentioned — sheds, detached garages, and other outbuildings not intended for overnight accommodation, as well as any unenclosed structures intended for overnight accommodation. Because the lumped “habitation” under the categorical approach would be broader than generic “dwelling” as defined in Riverar-Oros, no convictions under Texas’s “burglary of a habitation” statute could qualify as a “burglary of a dwelling” under U.S.S.G. § 2L1.2. See Descamps, 133 S.Ct. at 2283 (“[I]f the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form. The key, we emphasized, is elements, not facts.”).
2. Plain
When the district court categorically found that Armendariz’s Texas burglary conviction qualified as a burglary of a dwelling under U.S.S.G. § 2L1.2, the court committed error that was plain. See United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). (treating “plain” as the equivalent of clear or obvious under current law). Here, the legal authorities showing the error were all readily available: (1) Venturar-Perez’s treatment of “habitation” as divisible under the Texas burglary statute; (2) Rivera-Oros’s definition of generic “dwelling”; and (3) the Texas cases finding that appurtenant structures such as sheds and detached garages qualify under its burglary statute as “habitations.” Combining these three legal pieces, I conclude the district court committed plain error by treating all Texas burglary of habitation convictions as qualifying as burglary of dwelling convictions under U.S.S.G. § 2L1.2.
3. Substantial Prejudice
In United States v. Zubias-Torres, 550 F.3d 1202 (10th Cir.2008), this Court reviewed for plain error a case similar to this one. As here, the district court enhanced a defendant’s sentence by 16 offense levels under U.S.S.G. § 2L1.2, but this time after finding a prior conviction for “drug trafficking” under a Nevada statute. Id. at 1204. Because the defendant had failed to object to the enhancement in the district court, he had the burden on appeal to show substantial prejudice. Id. at 1209. The Court found that he had failed to meet his burden, saying that he could show that the district court’s ruling disadvantaged him “only if the government were unable to prove, by appropriate judicial documents, that his prior conviction was for drug trafficking.” Id. at 1210. He needed to “present evidence on appeal indicating *887 that imposition of the enhancement was erroneous....” Id. Along the same lines, the Court found that he could demonstrate that his substantial rights had been prejudiced by “show[ing] that the error ‘affected the outcome of the district court proceedings.’ ” Id. at 1209 (quoting United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir.2005)). This language strongly suggests that the defendant could have prevailed on appeal had he provided to the panel the necessary Shepard documents showing a likelihood that with these he would have obtained a different result in the district court.
But in United States v. Castellanos-Barba, 648 F.3d 1130 (10th Cir.2011), another case involving an enhancement of 16 offense levels under U.S.S.G. § 2L1.2 for a “drug trafficking” conviction, this Court felt “bound by circuit precedent to conclude that the error did not affect substantial rights.” Id. at 1133 (citing Zubias-Torres, 550 F.3d at 1209). It read Zubia-Torres as requiring a “defendant arguing plain error in the application of § 2L1.2 to make a showing before this court that his earlier conviction did not, in fact, involve drug trafficking conduct.” Id. (emphasis added). The Court believed that Zubia-Torres required a “showing that his conviction was for transportation for personal use rather than drug trafficking conduct. ...” 648 F.3d at 1133. It not only switched the burden on appeal, it changed what needed proved.
Presumably, the Court felt bound by this sentence from Zubia-To'ms: “Even on appeal, the defendant offers no evidence that his conviction was for mere possession rather than sale.” But the very next sentence clarifies that the standard on appeal is not whether a defendant can prove his actual conduct would not have met the generic definition but instead the standard is whether the Shepard documents would have changed the outcome in the district court: “We therefore have no way to know whether the enhancement properly applied.” Zubia-Torres, 550 F.3d at 1209 (emphasis added). For these reasons, I believe that Castellanos-Barba misread Zubia-Torres.
In Olano, while addressing the substantial-prejudice prong, the Supreme Court focused on whether the error in the district court mattered. 507 U.S. at 734, 113 S.Ct. 1770. The Court said that a defendant on appeal arguing plain error must show prejudice. Id. To meet this burden of persuasion, the Court said that a defendant must show that the error “affected the outcome of the district court proceedings.” Id. (citations omitted). Nothing in Zubia-Torres suggested any intent to depart from Olano’s plain-error framework. In fact, as noted above, in determining whether a defendant had shown prejudice, Zubias-Torres repeatedly focused on whether the error would have affected the outcome in the district court. 550 F.3d at 1209-10. In Zubias-Torres, the Court could not answer that question since it had no Shepard documents by which to determine whether the “imposition of the enhancement was erroneous.... ” Id. at 1210. Here, we do have the necessary Shepard documents, and they show that they would have affected Armendariz’s sentencing calculation.
4. Fairness, Integrity, or Public Reputation of Judicial Proceedings
Believing that Armendariz has met the first three prongs of plain error review, I would favor exercising discretion to correct the error because “it seriously affects the fairness, integrity, or public reputation of the judicial proceedings.” Zubia-Torres, 550 F.3d at 1208. Here, had the district court not treated Armendariz’s Texas burglary conviction as a burglary of a dwelling (and hence as a “crime of violence”), he would have received just a four-level enhancement under U.S.S.G. *888 § 2L1.2(b)(l)(D). In addition, under the plea agreement, had the probation office found no crime of violence the district court would have been fully justified in awarding Armendariz a full four-level reduction under the fast-track guideline, U.S.S.G. § 5K3.1. Accordingly, rather than being sentenced at a total offense level of 19, he may well have been sentenced at a total offense level of 6 and a criminal history category of III. Accordingly, his advisory range may have fallen from 37-46 months to 2-8 months. In cases with less severe disparities, this Court has exercised its discretion to correct the error. See United States v. Cordery, 656 F.3d 1103, 1108 (10th Cir.2011) (using its discretion under the fourth prong of plain error analysis when the bottom of the advisory range mistakenly used was 56 months and should have been 51 months).
For all these reasons, I respectfully dissent.

. By this language, I believe the district court found that these Texas burglaries categorically are crimes of violence. But immediately before this, the court also said — without any support in the presentence report or elsewhere in the record — that Armendariz "broke into a gentleman’s house, the circumstances are unknown to the court.” (ROA vol. 2, at 24.) If by this the district court in fact meant to apply a modified categorical approach, it did so incorrectly. The question is not whether Armendariz had in fact burglarized a house, but instead whether he had necessarily been convicted of doing so. See, e.g., Descamps v. United States, - U.S. -, 133 S.Ct. 2276, 2286, 186 L.Ed.2d 438 (2013) ("Whether Descamps did break and enter makes no difference. And likewise, whether he ever admitted to breaking and entering is irrelevant.” (emphasis in original)).

. As shown in footnote 4, the same criminal definition in Black’s Law Dictionary exclusively "includes” as dwellings only four other "enclosed spaces”: buildings, parts of buildings, tents, and mobile homes used or intended for use as a human habitation.

. In interpreting the Sentencing Guidelines, this Court seeks to apply the Sentencing Commission’s intent. See United States v. O'Flanagan, 339 F.3d 1229, 1235 (10th Cir.2003). The definition adopted in Rivera-Oros passes this test. In 1993, the Commission revealed its intent on this subject when it declined to expand "burglary of a dwelling” to include " 'any adjacent outbuilding considered part of the dwelling.’ ” See 58 Fed.Reg. 67533 (proposed Dec. 21, 1993).

. The full definition is as follows: "dwelling house”. (15c) 1. The house or other structure in which a person lives; a residence or abode. 2. Real estate. The house and all buildings attached to or connected with the house. 3. Criminal law. A building, a part of a building, a tent, a mobile home, or another enclosed space that is used or intended for use as a human habitation. The term has referred to connected buildings in the same curtilage but now typically includes only the structures connected either directly with the house or by an enclosed passageway. — Often shortened to dwelling. — Also termed (archaically) mansion house; (more broadly) dwelling place. Black’s Law Dictionary 582 (9th ed.2009).

. Texas’s definition of "building” is limited to enclosed structures. Its definition of "habitation” is not. See Texas Penal Code § 30.01(1), (2).

.The grand jury indictment in the Texas state court charged Armendariz with burglarizing a "habitation” without the effective consent of Emilio Perez, the owner thereof, in violation of Texas Penal Code § 30.02(a)(l)(c)(2). (Supp. ROA vol. 1, doc. 1, at 1.) The Order Deferring Adjudication listed as the offense charged "Burglary of a Habitation Texas Penal Code § 30.02(a)(l)(c)(2)." {Id. at 2.) The “Plea Bargain Agreement” did not specify the charged offense but did provide for "Restitution of $300.00 Emilio Perez, 970 Stephens, Stephenville, XX 76401, and $220.00 to Wild Bill’s Pawn Shop 1001 N. Fisk, Brownwood, TX 76801.” {Id. at 6.) The "Stipulation of Evidence” noted that he had admitted entering a "habitation” "without the effective consent of Emilio Perez, the owner thereof.” {Id. at 9.) At his plea hearing, the judge informed him that he was charged with burglary of a "habitation.” (Supp. ROA vol. 1, doc. 3, at 6.) In response to the judge’s question, Ar-mendariz admitted having entered a "habitation.” {Id. at 11.) A "Criminal Docket” carries a notation that the offense was "Burglary of a Habitation with intent to commit theft § 20.02(a)(l)(c)(2).” (Supp. ROA vol. 1, doc. 2, at 1.) The government has offered nothing to counter these documents, and when asked at oral argument it could not identify any additional Shepard document narrowing the conviction.

. See, e.g., Mitchell v. State, No. 14 — 95— 01074-CR, 1998 WL 350516, at *2-*3 (Tex. Ct.App. June 25, 1998) (finding that an unconnected storage shed twenty or thirty feet from the house was appurtenant to the house under the Texas burglary statute); Darby v. State, 960 S.W.2d 370, 371-72 (Tex.Ct.App. 1998) (finding that an unattached garage used for storage and located about nine feet from the home was appurtenant to the house under the Texas burglary statute); Tennyson v. State, No. 11-92-107-CR, 1993 WL 13141619, at *2 (Tex.Ct.App.1993) (finding that a connected caiport open on three sides was a habitation under the Texas burglary statute); Jones v. State, 690 S.W.2d 318, 319 (Tex.Ct.App.1985) minding that an unattached garage is a structure appurtenant to a residence and thus a "habitation”).

. Although I agree with the panel that no one alerted the district court to the possible error, I do not think this matters in determining whether the district court erred. See United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ("If a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an 'error' within the meaning of Rule 52(b) despite the absence of a timely objection.”).