**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TORRENCE TRIPLETT, a/k/a Blue,

    Defendant - Appellant.

No. 20-1113
(D.C. No. 1:10-CR-00308-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Torrence Triplett, proceeding pro se,[1] appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(B) and § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Triplett's pro se briefs, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I. BACKGROUND

In June 2010, Mr. Triplett was charged with two counts of possessing with intent to distribute more than five grams of cocaine base (crack) and one count of being a felon in possession of a firearm and ammunition. After he pled guilty to those charges, the district court sentenced him to five years in prison and five years of supervised release.[2]

Less than a year after Mr. Triplett began his supervised release, he was arrested again, which led to his guilty plea to drug trafficking charges in state court. The district court revoked Mr. Triplett's supervised release because he had violated his conditions of release by committing a crime. The court sentenced him to an additional 24 months in prison with no term of supervised release ("the revocation sentence").[3] Earlier this year, Mr. Triplett filed a motion to reduce his revocation sentence under § 404 of the First Step Act, which the district court denied. Mr. Triplett timely appealed.[4]

---

[2] Mr. Triplett was charged with committing similar drug offenses in another case in 2010, *United States v. Triplett*, Case No. 10-cr-00049-JLK. *See* ROA, Vol. 1 at 121-22. He pled guilty to those charges. The district court sentenced him to the same sentence in that case as the one imposed in this case, with the sentences in the two cases to run concurrently.

[3] Mr. Triplett also pled guilty in Case No. 17-cr-00138-RBJ to distribution and possession with intent to distribute a substance containing a detectable amount of cocaine. *See* ROA, Vol. 1 at 122 n.2. He was sentenced to serve 41 months in prison on that conviction, with the sentence to run consecutively to his revocation sentence.

[4] The government argues that Mr. Triplett's appeal is untimely, relying on the date of the district court order. Although the order is dated March 3, 2020, the district court docket entry notes that the order was entered on March 4, 2020, *see*

## II.  DISCUSSION

We review for abuse of discretion the district court's denial of Mr. Triplett's motion to reduce his revocation sentence under the First Step Act.  *See United States v. Mannie*, 971 F.3d 1145, 1155 (10th Cir. 2020).

Mr. Triplett's motion to reduce his sentence involves the interplay between the Fair Sentencing Act of 2010 and the First Step Act of 2018.  Congress passed the Fair Sentencing Act in 2010 to reduce disparities between sentences for crack and powder cocaine offenses.  *Id.* at 1147.  Then, in 2018, Congress passed the First Step Act to make the Fair Sentencing Act's benefits retroactively applicable to offenders who committed offenses before the effective date of that Act.  *Id.*

In his motion, Mr. Triplett argued that the First Step Act authorized a reduction of his revocation sentence because the Act modified the statutory penalties for crack offenses.  He asked the district court to exercise its discretion to reduce his sentence, considering the sentencing factors enumerated in 18 U.S.C. § 3553(a).

In its denial order, the court explained that the Probation Office had set the guideline range for Mr. Triplett's revocation sentence at 24 to 30 months, but under

---

ROA, Vol. 1 at 8.  In a criminal case, a notice of appeal must be filed "within 14 days" of "the *entry* of either the judgment or the order being appealed."  Fed. R. App. P. 4(b)(1)(A) (emphasis added).  The postmark on the envelope that contained Mr. Triplett's notice of appeal is March 18, 2020.  If an inmate files a notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and . . . it is accompanied by evidence (such as a *postmark* or date stamp) showing that the notice was so deposited and that postage was prepaid."  Fed. R. App. P. 4(c)(1)(A)(ii) (emphasis added).  Based on the March 4 order entry date and the March 18 postmark, Mr. Triplett's appeal is timely.

the Fair Sentencing Act the guideline range and statutory maximum would have been 24 months. Because "'the penalty for revocation is an enhancement of the punishment for the original offense, not a punishment for violating supervised release,'" the district court agreed with Mr. Triplett that "the First Step Act authorizes this Court to reduce [his] revocation sentence." ROA, Vol. 1 at 123 (quoting *United States v. Collins*, 859 F.3d 1207, 1216 (10th Cir. 2017)). The court found, however, that a sentence reduction was not warranted.

The court determined that a 24-month sentence was still proper under the § 3553(a) factors. *Id.* It noted that Mr. Triplett "committed serious felonies while on supervised release, continuing [his] pattern of drug involvement," and "his conduct showed that, despite his initial lengthy term of imprisonment, he did not respect the law and was not adequately deterred." *Id.* at 123-24. The court found that "[t]wenty-four months' imprisonment is sufficient but not greater than necessary as it serves to protect the public for a period and gives Mr. Triplett the opportunity to address his recurring conduct." *Id.* at 124. It observed that "[t]o rule otherwise would trivialize the importance of released defendants conforming to the law and the requirements of supervised release." *Id.*

On appeal, Mr. Triplett argues for the first time that his original five year term of supervised release exceeded the statutory maximum of 36 months under the Fair Sentencing Act. He asserts that his case should be remanded to correct the permissible range for his original term of supervised release. Because Mr. Triplett did not raise this issue in district court, our review is for plain error. *See United*

4

*States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008). We conclude, however, that this issue is moot.

The government agrees the Fair Sentencing Act changed the maximum term of supervised release for Mr. Triplett's original offenses from five years to three years. But it contends this change does not matter for purposes of this appeal, noting that Mr. Triplett is not serving and will never serve his original term of supervised release because it has been revoked. Mr. Triplett acknowledges in his brief that his original term of supervised release "has now been revoked and he is currently serving a term of incarceration." Aplt. Opening Br. at 4.

"In considering mootness, we ask whether granting a *present* determination of the issue[] offered will have some effect in the real world." *Fleming v. Gutierrez*, 785 F.3d 442, 444-45 (10th Cir. 2015) (quotations omitted). "When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the [issue] becomes moot." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (quotations omitted). Because we cannot grant any effective relief with respect to Mr. Triplett's original term of supervised release, this issue is moot.

Mr. Triplett next argues that the district court improperly calculated the advisory guideline range for his revocation sentence in contravention of the Fair Sentencing Act and the First Step Act. He explains the guideline range and statutory maximum should be 24 months. He then argues that his "24 month sentence is incorrect" because "[i]n order for the district court to impose an appropriate sentence, it must first calculate the correct advisory range." Aplt.

5

Opening Br. at 9. The court, however, did calculate and apply the correct range when it ruled on his motion. Specifically, it recognized that "the Fair Sentencing Act sets the statutory maximum for revocation at 24 months' imprisonment." ROA, Vol. 1 at 123. It then concluded that the 24-month revocation sentence remained proper under the § 3553(a) factors and that no reduction was warranted.

Finally, Mr. Triplett argues he was prejudiced by the historical, but erroneous, finding that he could be sentenced to more than 36 months on his original term of supervised release. The district court noted as part of the historical background of the case that Mr. Triplett was originally sentenced to a five-year term of supervised release, but the length of that term played no role in the court's decision to deny the motion for a sentence reduction.

## III.  CONCLUSION

Because Mr. Triplett has failed to show the district court abused its discretion in denying his motion to reduce his revocation sentence, we affirm the district court's judgment. We grant Mr. Triplett's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

6