**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 13, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CARLOS MANUEL-RAMIREZ,

    Petitioner,

v.

PAMELA BONDI, United States Attorney
General,*

    Respondent.

No. 24-9526
(Petition for Review)

_____

**ORDER AND JUDGMENT**\*\*
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Carlos Manuel-Ramirez petitions for review of a Board of Immigration

Appeals (BIA) decision affirming an immigration judge's (IJ) denial of cancellation

of removal.  The IJ determined that Manuel-Ramirez failed to show exceptional and

---

\* Pursuant to Fed. R. App. P. 43(c)(2), Pamela Bondi is substituted for James R. McHenry, III as the Respondent in this appeal.

\*\* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

extremely unusual hardship to a qualifying relative. Exercising jurisdiction under 8 U.S.C. § 1252(a)(2)(D), we deny the petition for review.

I

Manuel-Ramirez is a Mexican national who entered the United States in 2004 and has remained here since. He and his wife have three children, and except for a cousin with whom he does not keep in touch, all of their family remain in Mexico. In 2015, the Department of Homeland Security charged him with being present in this country without having been lawfully admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). He conceded the charge but applied for cancellation of removal.

To be eligible for cancellation of removal, a noncitizen must demonstrate, among other things, "that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or . . . lawfully admitted for permanent residence." *Id.* § 1229b(b)(1)(D). "To meet this standard, a noncitizen must demonstrate that a qualifying relative would suffer hardship that is substantially different from or beyond that which would ordinarily be expected to result from their removal, but need not show that such hardship would be unconscionable." *Wilkinson v. Garland*, 601 U.S. 209, 215 (2024) (internal quotation marks omitted). Relevant factors, which must be considered in the aggregate, include the qualifying relative's age, health, and circumstances, as well as adverse country conditions in the country of return and a lower standard of living there, though these latter two considerations generally do not suffice to demonstrate the requisite hardship. *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63-64 (B.I.A. 2001).

2

Before the IJ, Manuel-Ramirez described various financial and medical issues confronting his family. He testified that they live in a high-altitude ski-town in Colorado, where he earns $1,600 to $4,000 a month working in construction. His wife earns approximately $200 a week cleaning houses during the winter. They pay $1,975 in monthly rent and send a total of $500 every month to family members in Mexico.

As for their medical issues, Manuel-Ramirez stated his eldest step-son has fish allergies and last had an allergic reaction three years before the hearing. The child did not require hospitalization, but Manuel-Ramirez had to administer an EpiPen to his step-son and follow up with a pediatrician. The child also had been recently diagnosed with exercise-induced asthma, which requires that he use an inhaler before participating in sports. Manuel-Ramirez's middle son used an inhaler as well and was on oxygen for two weeks in 2014. Additionally, the middle son was recently diagnosed with Attention Deficit Hyperactivity Disorder for which he took medication. He had a heart murmur in 2014 as well, and Manuel-Ramirez was concerned the child was not eating enough, but a cardiac specialist determined his heart condition was "okay," R. at 149, and the pediatrician was not concerned with the child's eating habits. Last, Manuel-Ramirez's youngest son was hospitalized for two days with respiratory problems shortly after birth, but he had no respiratory problems since then.

Based on this and other evidence, Manuel-Ramirez claimed his children would face hardship if he were removed to Mexico because his wife could not pay their rent

3

if she stayed in the United States and he could not afford their healthcare costs if they moved with him to Mexico.

The IJ denied relief.  On the financial issues, the IJ noted that Manuel-Ramirez lived in an expensive ski town, financial struggles were expected with removal, and his wife could support the children by moving to a place with a lower cost of living, working full-time, or moving with him to Mexico.  The IJ also observed that the children benefitted from having government funded health insurance and attending public schools, but they could move to Mexico without experiencing exceptional and extremely unusual hardship.  As for their health concerns, the IJ detailed the evidence and determined there were no "urgent, unaddressed medical issues." *Id.* at 70.  The IJ noted the children were doing "fairly well," and their medical issues were "fairly routine" and under control.  *Id.*  The IJ also observed that "absent additional evidence of hardship," such chronic, controlled medical issues generally do not rise to the level of exceptional and extremely unusual hardship.  *Id.* (citing *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 324 (B.I.A. 2002)).  The IJ further found that the medical issues could be treated in Mexico if the family moved there.  Thus, the IJ determined that, "[c]onsidering all of the factors presented cumulatively," Manuel-Ramirez failed to show exceptional and extremely unusual hardship.  *Id.* at 72.

Manuel-Ramirez appealed to the BIA, arguing that the IJ incorrectly determined he failed to show the requisite hardship.  In particular, he argued the IJ:

- failed to consider various hardship factors articulated in *In re Anderson*, 16 I. & N. Dec. 596 (B.I.A. 1978);

4

- "committ[ed] clear error in assessing the financial hardship to [his] children" under *Monreal*, *Andazola*, and *In re Gonzalez Recinas*, 23 I. & N. Dec. 467 (B.I.A. 2002), R. at 18;

- incorrectly assessed the medical hardship by misstating the holding in *Andazola*, *id.* at 19, and wrongly deciding under *Monreal* that "his children's medical issues did not rise to the level of exceptional and extremely unusual hardship," *id.* at 21;

- should have considered the "lack of alternative means of immigrating to the United States" under *Recinas*, *id.* at 22 (internal quotation marks omitted), and

- failed "to consider all of these factors in the cumulative," *id.*

The BIA rejected these arguments. Citing *Andazola*, *Monreal*, and *Recinas*, the BIA adopted and affirmed the IJ's determination that Manuel-Ramirez failed to establish the requisite hardship. The BIA explained that the IJ considered the financial and emotional hardships facing the children and "correctly concluded that the health issues [were] not currently serious medical conditions or could . . . continue to be monitored in the United States or Mexico."[1] *Id.* at 4 (citing *In re J-J-G-*, 27 I. & N. Dec. 808 (B.I.A. 2020)). The BIA further noted that *Anderson* was inapposite because it did not involve cancellation of removal. *See In re Monreal*, 23 I. & N. Dec. at 58, 63 (noting the hardship factors discussed in *Anderson* were useful but related to a prior statute concerning suspension of deportation, not the

---

[1] The BIA actually stated that the IJ "correctly concluded that the health issues [were] not currently serious medical conditions or could *not* continue to be monitored in the United States or Mexico." R. at 3 (emphasis added). The italicized word "not" appears to be a typo, however, because the BIA plainly agreed with and adopted the IJ's decision that the health issues and other circumstances failed to meet the requisite hardship standard.

higher hardship standard required for cancellation of removal). Thus, the BIA ruled that, "[c]onsidering the factors of this case cumulatively," Manuel-Ramirez "did not demonstrate that any of his qualifying relatives would suffer exceptional and extremely unusual hardship." R. at 4.

Manuel-Ramirez now seeks review of the BIA's decision, contending the IJ mischaracterized the evidence and improperly focused on the medical hardship rather than considering all the evidence in the aggregate. He also contends the BIA engaged in impermissible factfinding and improperly relied on a new legal standard established by *In re J-J-G-*.

## II

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review, as a mixed question of law and fact, the agency's "[a]pplication of the statutory exceptional and extremely unusual hardship standard to a given set of facts." *Wilkinson*, 601 U.S. at 221. "[W]e apply a deferential standard to review the BIA's hardship determination." *Martinez v. Garland*, 98 F.4th 1018, 1021 (10th Cir. 2024). However, "[t]he facts underlying any determination on cancellation of removal . . . remain unreviewable." *Wilkinson*, 601 U.S. at 225.

Where, as here, a single BIA member affirms an IJ decision in a brief order, we review the BIA's opinion, but "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Neri-Garcia v. Holder*, 696 F.3d 1003, 1008-09 (10th Cir. 2012) (internal quotation marks omitted).

6

A. *Mischaracterization of Evidence & Exhaustion*

Manuel-Ramirez first contends the IJ mischaracterized the evidence. He did not present this argument to the BIA, however, and his failure to do so raises the question of whether he failed to exhaust his administrative remedies.

"It is a fundamental principle of administrative law that an agency must have the opportunity to rule on a challenger's arguments before the challenger may bring those arguments to court." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). "A federal circuit court may 'review a final order of removal only if the [noncitizen] has exhausted all administrative remedies available to the [noncitizen] as of right.'" *Miguel-Pena v. Garland*, 94 F.4th 1145, 1154 (10th Cir. 2024) (ellipsis omitted) (quoting 8 U.S.C. § 1252(d)(1)). "It is not enough to go through the procedural motions of a BIA appeal, or to make general statements in the notice of appeal to the BIA, or to level broad assertions in a filing before the [BIA]." *Garcia-Carbajal*, 625 F.3d at 1237 (internal quotation marks omitted). "To satisfy § 1252(d)(1), [a noncitizen] must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Id.*

Manuel-Ramirez presented different arguments in the BIA regarding the IJ's treatment of the evidence than he does in his petition for review. He currently contends the IJ mischaracterized the evidence, but before the BIA, he argued the IJ

failed to apply the factors in *Anderson* and incorrectly determined under *Monreal*, *Andazola*, and *Recinas* that he failed to establish the requisite hardship.[2]

Although Manuel-Ramirez failed to raise his current arguments in the BIA, the government has not objected. The Supreme Court has held that § 1252(d)(1)'s exhaustion requirement is a mandatory, non-jurisdictional claim processing rule that is "subject to waiver and forfeiture." *Santos-Zacaria*, 598 U.S. at 423. Therefore, by failing to raise any exhaustion challenge in its response brief, the government forfeited the issue. *See United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008) ("[W]aiver is accomplished by intent, but forfeiture comes about through neglect." (brackets and internal quotation marks omitted)). Still, we are "permitted, but not obliged, to consider *sua sponte* whether a party has complied with a non-jurisdictional claim processing rule." *Miguel-Pena*, 94 F.4th at 1157 (brackets

---

[2] In the BIA, Manuel-Ramirez directly challenged the IJ's factual findings underlying the determination that he failed to show exceptional and extremely unusual hardship. *See, e.g.*, R. at 16 ("Respondent contests th[e] IJ's finding that his wife could provide financial support in his absence, when the testimony presented was that she only earned $200 a week, cleaning homes during the ski season, and did not consider the added expense of childcare."); *id.* at 20 (arguing that the fact that his eldest step-son rarely used an EpiPen was no basis for finding the child's health issues were minor). Similarly, in the context of his new argument that the IJ mischaracterized the evidence, Manuel-Ramirez repeats his factual challenges to the underlying hardship determination. *See, e.g.*, Pet'r's Br. at 20 ("[I]t was an error of fact for the IJ to find that Manuel[-]Ramirez's wife could support the family on her income in his absence."); *id.* at 21 (arguing that even though his eldest step-son had "not been hospitalized for his fish allergies, his medical condition is serious nonetheless"). To the extent he exhausted these factual challenges in the BIA, we have no jurisdiction to review them. *See Wilkinson*, 601 U.S. at 225 ("[A]n IJ's factfinding on . . . the seriousness of a family member's medical condition[] or the level of financial support a noncitizen currently provides remain unreviewable.").

and internal quotation marks omitted).  We "may do so when . . . the claim-processing rule implicates values beyond the concerns of the parties."  *Id.* (internal quotation marks omitted).

In *Miguel-Pena*, we held that § 1252(d)(1)'s claim-processing rule "substantially implicates nonparty interests sufficiently weighty to permit sua sponte judicial review."  *Id.* at 1158 (internal quotation marks omitted).  We reasoned that agencies must have an opportunity to rule on arguments before they can be presented in court:  "A reviewing court usurps the agency's function when it reaches a ground not theretofore presented and deprives the agency of an opportunity to consider the matter, make its ruling, and state the reasons for its action."  *Id.* (internal quotation marks omitted).  To prevent the court from entering "the domain which Congress has set aside exclusively for the administrative agency," we may enforce the exhaustion requirement sua sponte and decline to address issues that were not presented to the agency.  *Id.* (internal quotation marks omitted).

Given our analysis in *Miguel-Pena*, we consider sua sponte whether Manuel-Ramirez exhausted his argument before the BIA and conclude he did not.  In the BIA, he argued that the IJ failed to apply the factors described in *Anderson* and improperly determined he failed to show hardship under *Monreal*, *Andazola*, and *Recinas*.  The BIA rejected these arguments, but rather than advance them in this court, Manuel-Ramirez now contends the IJ mischaracterized the evidence.  This new argument is unexhausted, and we will not consider it in the first instance.  *See id*.

9

### B. The IJ Considered the Hardship Factors in the Aggregate

Manuel-Ramirez also contends the IJ failed to consider the hardship factors in the aggregate and wrongly focused on the evidence of medical hardship. *See Wilkinson*, 601 U.S. at 215 ("All hardship factors should be considered in the aggregate to determine whether the qualifying relative will suffer hardship that rises to the level of 'exceptional and extremely unusual.'" (brackets omitted) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 64)). This argument is unavailing because both the IJ and the BIA expressly stated they considered the relevant hardship factors cumulatively. *See* R. at 72 (IJ, stating: "Considering all of the factors presented cumulatively, the record does not show that the respondent's three qualifying relative children would suffer hardship . . . ."); *id.* at 4 (BIA, stating: "Considering the factors of this case cumulatively, we ultimately agree with the [IJ] that the respondent did not demonstrate that any of his qualifying relatives would suffer exceptional and extremely unusual hardship . . . ."). And the record confirms their statements. *See id.* at 67-72 (IJ's decision detailing the evidence as it related to the relevant factors); *id.* at 4 (BIA's decision citing the "financial and emotional hardships to the children" and acknowledging the children's "asthma, allergies, ADHD, and respiratory viruses"). Indeed, contrary to Manuel-Ramirez's assertions, the IJ expressly considered not only the medical and financial hardship factors, but also other circumstances, including his age, both at the time of entry and the IJ's decision, *see id.* at 63-64, his family's presence in the United States and Mexico, *id.* at 64, the lack of evidence indicating the cost of medication in Mexico, *id.* at 71, his

children's ability to speak or learn Spanish, *id.* at 72, and his ability to find employment in Mexico, *id.* To the extent the IJ did not expressly discuss other circumstances, namely the lack of alternative means for Manuel-Ramirez to immigrate to the United States, the IJ stated he considered all the evidence and familiarized himself with the entire record, even if it was not expressly discussed, *id.* at 64. Under these circumstances, we see no indication that the IJ failed to consider the relevant hardship factors in the aggregate.

C. *The BIA Did Not Engage in Fact-Finding by Citing In re J-J-G-*

Last, Manuel-Ramirez contends the BIA engaged in impermissible fact-finding by improperly relying on *In re J-J-G-*, which the BIA issued during the pendency of his administrative appeal. In *In re J-J-G-*, the BIA ruled that the cancellation-hardship standard requires consideration of all the hardship factors in the cumulative,

> but to the extent a claim is based on the health of a qualifying relative, an applicant needs to establish that the relative has a serious medical condition and, if he or she is accompanying the applicant to the country of removal, that adequate medical care for the claimed condition is not reasonably available in that country.

27 I. & N. Dec. at 811 (footnotes omitted). Manuel-Ramirez argues that the BIA's citation to *In re J-J-G-* subjected him to a new hardship standard that required "factual findings as to the seriousness of the medical condition and the availability of care in the designated country of removal." Pet'r's Br. at 25. He asserts "the IJ did not and could not have made the requisite" findings, so the BIA must have engaged in impermissible fact-finding. *Id.*

This argument is meritless.  *In re J-J-G-* simply determined that if hardship is predicated on a qualifying relative with a serious medical condition moving to the country of removal with an applicant, there must be evidence that adequate care for the qualifying relative is unavailable in that country.  But Manuel-Ramirez did not establish that any of his sons had a serious medical condition, nor did he claim they would accompany him to Mexico.  As the IJ found, "[t]he family presents with common types of medical issues that are under control and that can be treated in Mexico if the family decides to stay united by moving to Mexico with [Manuel-Ramirez]."  R. at 71.  Again, we have no jurisdiction to review the IJ's finding regarding "the seriousness of a family member's medical condition." *Wilkinson*, 601 U.S. at 225.  And even if *In re J-J-G-* articulated a new standard (which we do not decide), the BIA's citation to that decision was harmless absent any argument that Manuel-Ramirez's sons would accompany him to Mexico.  The BIA adopted and affirmed the IJ's decision, agreeing that Manuel-Ramirez failed to show the requisite hardship.  The BIA did not engage in impermissible fact-finding.

III

The petition for review is denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

12