FILED

U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

May 19, 2026

Anne M. Zoltani
Clerk

PUBLISH

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE TENTH CIRCUIT**

_____

IN RE HAMPTON HAROLD PRICE and
PATRICIA ANN PRICE,

Debtors.

_____

LAFAVER FIBERGLASS CORPORATION,
PATRICIA LAFAVER, and DOMINIQUE
LAFAVER,

      Plaintiffs - Appellees,

v.

HAMPTON HAROLD PRICE and PATRICIA
ANN PRICE,

      Defendants - Appellants.

BAP No. EO-25-015


Bankr. No. 24-80483
Adv. Proc. No. 24-8012
Chapter 7




OPINION

_____

Appeal from the United States Bankruptcy Court
for the Eastern District of Oklahoma

_____

Before **ROMERO**, Chief Judge, **JACOBVITZ**, and **PARKER**, Bankruptcy Judges.

_____

**JACOBVITZ**, Bankruptcy Judge.

_____

Appellants challenge on appeal the bankruptcy court's grant of summary judgment ruling in favor of the Plaintiffs (the Appellees in this appeal) excepting debt from the discharge. Because Appellants have failed to preserve the issues they raise on appeal, we affirm.

### I.      Background

*The State Court Action*

On July 19, 2017, Appellants filed a civil action against Appellees in the District Court of

Wagoner, County, Oklahoma ("State Court"), Case No. CJ-2017-214,[1] asserting claims for negligence, public nuisance, private nuisance, and constitutional violations.[2] Appellees filed counterclaims for abuse of process and malicious prosecution.[3] On November 12, 2019, the State Court entered summary judgment in favor of Appellees on "all causes of action brought by [Appellants] against [Appellees]." (the "State Court Judgment on Appellants' Claims").[4] On October 5, 2021, the State Court entered an order granting Appellees' motion for summary judgment on their counterclaims for abuse of process and malicious prosecution as to liability and granting their request for a hearing on damages.[5] On April 4, 2022, the State Court entered a Journal Entry of Judgment in which the Court awarded a judgment on the counterclaims in favor of Appellees and against Appellants in the amount of $70,206.69 in damages for loss of reputation, mental and emotional distress, loss of business revenue, and attorney fees and costs (the "State Court Judgment on Appellees' Counterclaims")[6].

Appellants appealed the State Court Judgment on Appellants' Claims and the State Court Judgment on Appellees' Counterclaims.[7] On April 14, 2023, the Oklahoma Court of Civil Appeals affirmed.[8] Appellants appealed again, and the Oklahoma Supreme Court denied certiorari. Appellees were awarded additional attorney's fees related to the appeals.[9] On June 20, 2024, Appellants filed a chapter 7 bankruptcy case in the United States Bankruptcy Court for the Eastern District of Oklahoma.[10]

---

[1] Bankr. ECF AP No. 31, *Plaintiffs' Motion for Summary Judgment* ("SJ Motion"), Ex. 3, *State Court Petition.*

[2] Bankr. ECF AP No. 31, SJ Motion, Ex. 1, *Defendants' Motion for Partial Summary Judgment and Brief in Support.*

[3] Order at 7 in Appellants' Am. App. at 40.

[4] Bankr. ECF AP No. 31, SJ Motion, Ex. 6, *Order.*

[5] Bankr. ECF AP No. 31, SJ Motion, Ex. 7, *Order Granting Defendants' Motion for Partial Summary Judgment.*

[6] Bankr. AP ECF No. 31, SJ Motion, Ex. 8, *Journal Entry of Judgment*.

[7] *Order Denying Defendants' Motion to Dismiss and Granting Plaintiffs' Motion for Summary Judgment* at 8 in Appellants' Am. App. at 41.

[8] Bankr. AP ECF No. 31, SJ Motion, Ex. 11, *Order* (explaining the Oklahoma Court of Civil Appeals affirmed the State Court Judgment on Appellees Counterclaims).

[9] *Order Denying Defendants' Motion to Dismiss and Granting Plaintiffs' Motion for Summary Judgment* at 8 in Appellants' Am. App. at 41.

[10] *Id*. at 9 in Appellants' Am. App. at 42.

*The Adversary Proceeding*

On August 8, 2024, Appellees commenced an adversary proceeding seeking to except the State Court Judgment on Appellees' Counterclaims from discharge pursuant to 11 U.S.C. § 523(a)(6)[11] (Count I) and to except certain fines from discharge pursuant to § 523(a)(7) (Count II). Appellants filed a motion to dismiss the adversary proceeding ("Motion to Dismiss").[12] Appellees responded[13] and filed a motion for summary judgment ("Motion for Summary Judgment")[14] to which Appellants responded. Because the Motion to Dismiss relied on matters outside the pleadings, the Bankruptcy Court treated it as a motion for summary judgment.[15] On May 1, 2025, the Bankruptcy Court entered an *Order Denying Defendants' Motion to Dismiss and Granting Plaintiffs' Motion for Summary Judgment* (the "Order") granting summary judgment in favor of Appellees on Count I and dismissing Count II.[16] Appellants appealed the Order.

## II.    Jurisdiction

The BAP has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party timely elects to have the district court hear the appeal.[17] Appellants timely filed their notice of appeal from the Order on appeal, which is a final order.[18] No party elected to have the district court hear this appeal. Accordingly, this Court has jurisdiction to hear this appeal.

---

[11] *Id*. All future references to "Bankruptcy Code," "Code," or "§" refer to Title 11 of the United States Code. All references to "Rule" or "Rules" refer to the Federal Rules of Bankruptcy Procedure and references to "Civil Rule" or "Civil Rules" refer to the Federal Rules of Civil Procedure.

[12] *Motion to Dismiss Case* in Appellees' Supp. App. at 24.

[13] *Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Case* in Appellees' Supp. App. at 30.

[14] Appellees' Supp. App. at 63.

[15] *Order Denying Defendants' Motion to Dismiss and Granting Plaintiffs' Motion for Summary Judgment* at 3 in Appellants' Am. App. at 36.

[16] Appellants' Am. App. at 211. In opposition, Appellants asserted constitutional violations and alleged denial of due process. The Bankruptcy Court found Appellants failed to properly controvert Appellees' numbered material facts or cite supporting evidence and, applying Local Rule 7056-1 and Rule 56, deemed those facts admitted. Order at 5–6.

[17] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Rules 8003, 8005.

[18] The Order fully resolved all the claims and counterclaims in the adversary proceeding. *In re Durability, Inc.*, 893 F.2d 264, 265–66 (10th Cir. 1990) ("[A]n order is final if it ends the litigation on the

### III.    Issues on Appeal

Rule 8014(a)(5) requires an appellant's opening brief to contain a "statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review." Appellants' opening brief includes a section entitled "Statement of the Issues and Standard of Review." In that section, Appellants identify only two issues: (1) "The judgment in state court against appellants was not based in law, in order to conform to the Chevron doctrine the courts [sic.] made arbitrary judgments;" and (2) "[t]he adversary case filed against appellants violated the automatic stay."[19]

After reviewing Appellants' opening brief, we reframe Appellants' statement of issues as follows:

1.  Did the Bankruptcy Court err by relying on a state court judgment rendered invalid because a recent Supreme Court case overruled the Chevron doctrine under which courts gave deference to agency decisions?

2.  Did the Bankruptcy Court err by adjudicating Appellee's non-dischargeability claim in violation of the automatic stay?

In their amended reply brief, Appellants raise an additional issue for the first time on appeal, namely:

3.  Did the Bankruptcy Court err by granting summary judgment based on the collateral estoppel effect of the State Court judgment?

---

merits. . . . [T]he appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall [bankruptcy] case, but rather the particular adversary proceeding[.]").

[19] The section of the brief entitled Statement of the Issues and Standard of Review also states: "The case contained false information on malicious conduct. This reasoning supports a *de novo* review standard." Opening Brief at 5. We do not construe that as stating a third issue on appeal. No argument is made in the Opening Brief suggesting it is a separate issue on appeal apart from a statement of the standard of review. In the Conclusion of the Opening Brief, Appellants state: "Whether a debt is dischargeable under 11 U.S.A. 523 [sic] is a question of law subject to de novo review. Exceptions to discharge are to be narrowly construed, and because of the fresh start objective of bankruptcy, doubt is to be resolved in the debtors favor." (internal quotation marks and citations omitted). Opening Brief at 8. We construe that as comment relating to the two issues on appeal identified in the Opening Brief, not a separate issue on appeal.

IV.    **Standard of Review**

Ordinarily we review a Bankruptcy Court's entry of a summary judgment de novo.[20] Here, however, Appellants have forfeited all the issues they attempt to raise on appeal. Thus, this Court will not reach the merits of those issues.

V.    **Discussion**

   A.  **Waiver and Forfeiture**

To determine whether Appellants have preserved issues for review on appeal, we will discuss the doctrines of waiver and forfeiture. We do so because of our holding that Appellants have forfeited all issues they ask us to address in this appeal, either by failing to raise the issues in proceedings before the Bankruptcy Court or by failing to adequately develop issues in this appeal with argument.

Two distinct doctrines—waiver and forfeiture—govern whether an appellate court will consider an issue. Although related, these doctrines are distinct,[21] even though courts have sometimes used the terms interchangeably.[22] Further, the doctrines of waiver and forfeiture operate differently depending on whether the waiver or forfeiture occurs in proceedings before the bankruptcy court or on appeal.

"[W]aiver is the intentional relinquishment or abandonment of a known right."[23] A party waives an issue when it "deliberately considers an issue and makes an intentional decision to forego it."[24] By contrast, forfeiture occurs when a party fails to timely raise an issue without intentionally deciding to

---

[20] *See Jubber v. SMC Elec. Prods. (In re C.W. Mining Co.)*, 798 F.3d 983, 986 n.2 (10th Cir. 2015); *Cousatte ex rel. Collier v. Lucas (In re Lucas)*, 300 B.R. 526, 530 (10th Cir. BAP 2003) (citing *United States v. Victor*, 121 F.3d 1383, 1386 (10th Cir. 1997)).

[21] *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'") (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)).

[22] *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Waiver is different from forfeiture."); *Freytag v. Comm'r*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring in the judgment) (observing courts have long used the terms "interchangeably" and "it may be too late to introduce precision"); *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (explaining the Tenth Circuit has not always been precise in distinguishing between waiver and forfeiture).

[23] *United States v. Olano*, 507 U.S. at 733; *see also Wood v. Milyard*, 566 U.S. 463, 470 n.4 (2012). We note that a party may seek relief from a waiver before the bankruptcy court under Federal Rule Civil Procedure 60, including on the ground that the waiver was procured by duress. That did not happen here.

[24] *United States v. Malone*, 937 F.3d 1325, 1327 (10th Cir. 2019).

5

forego it or fails to adequately develop an issue with argument. "Waiver is accomplished by intent, but forfeiture comes about through neglect."[25] Because it is unlikely that an appellant will seek review of an issue it intentionally relinquished or abandoned before the trial court, we will presume, absent evidence to the contrary, a forfeiture not a waiver.

> *An appellant's waiver or forfeiture of an issue on appeal by failing to raise it in proceedings before the bankruptcy court.*

When an issue is waived or forfeited before the trial court, which includes a bankruptcy court, appellate review typically is foreclosed because a party that has waived or forfeited an issue before the trial court generally is not entitled to appellate relief on that issue.[26] The Tenth Circuit has recognized three exceptions to when appellate review is foreclosed, at least with respect to issues forfeited in proceedings before the trial court.

The first exception is where an appellee fails to argue on appeal that the appellant waived or forfeited the issue by failing to raise it before the trial court.[27] That exception is known as a "waiver of the waiver," which may arise when the appellee fails to argue on appeal that the appellant waived or forfeited the issue by not raising the issue before the trial court.[28]

In *United States v. Rodebaugh*, the Tenth Circuit discussed "waiver of the waiver." In that case, the appellant failed to object to the district court's failure to make required findings of fact and thereby waived or forfeited his lack of specific findings argument.[29] But the appellee, in defending the appeal, failed to argue in its brief that the appellant did not preserve the lack of specific findings issue for purposes of the appeal and instead addressed the issue in its brief.[30] The Tenth Circuit found that while

---

[25] *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (citing *United States v. Zubia–Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008)); *In re Borges*, 510 B.R. 306, 330 (10th Cir. BAP 2014).

[26] *Richison,* 634 F.3d at 1127-28.

[27] *See United States v. Rodebaugh*, 798 F.3d 1281, 1305 (10th Cir. 2015) (applying "waiver of the waiver" to a waiver or forfeiture).

[28] Courts use "waiver of the waiver" in a general sense to refer to waiver or forfeiture of the waiver or forfeiture. *Id.*

[29] *United States v. Rodebaugh*, 798 F.3d 1281, 1305 (10th Cir. 2015).

[30] *Id*. at 1306.

6

the appellant waived or forfeited the issue by failing to raise the issue in the district court, appellees had also waived or forfeited the appellant's waiver.[31] Faced with dueling waivers/forfeitures, the Court decided it had the discretion to overlook either the appellant's waiver/forfeiture before the trial court, or the appellee's waiver/forfeiture on appeal and decided the issue on the merits.[32]

Even where the appellee fails to argue that the appellant forfeited an issue in proceedings before the trial court, the appellate court has discretion to raise the appellant's forfeiture sua sponte.[33] The "waiver of the waiver" principle is discretionary, not mandatory, [34] because waiver binds only the parties, not the court.[35]

In a more recent case, *United States v. Egli*, without addressing a possible "waiver of the waiver" exception, the Tenth Circuit treated waiver as a harsher doctrine than forfeiture because a party who has intentionally and deliberately considered an issue and chose not to raise it before the trial court, "is precluded entirely from appellate relief" on the issue. [36] This suggests that "waiver of the waiver" only applies in the context of forfeiture. We need not decide whether "waiver of the waiver" applies to an intentional waiver of an issue before the bankruptcy court, because we affirm the Bankruptcy Court based on Appellants' forfeiture of issues, not waivers.[37]

The waiver or forfeiture of an issue in proceedings before the trial court as a bar to review the issue on appeal is an important feature of our system of justice, as Justice Gorsuch, then Judge Gorsuch speaking for the Tenth Circuit, explained:

---

[31] *Id.* at 1305 - 1307.

[32] *Id.* at 1308

[33] *United States v. Elliott*, 684 F. App'x 685, 688 (10th Cir. 2017).

[34] *United States v. Rodebaugh*, 798 F.3d 1281, 1314 (10th Cir. 2015) (cited with approval in *United States v. Nemeth*, No. 24-8049, 2026 WL 982119, at *8 (10th Cir. Apr. 13, 2026)).

[35] *Margheim v. Buljko*, 855 F.3d 1077, 1088 (10th Cir. 2017).

[36] *United States v. Egli*, 13 F.4th 1139, 1144 (10th Cir. 2021) ("Compared to forfeiture, which results in plain-error review, waiver is a harsher doctrine: a party that has waived an issue is precluded entirely from appellate relief.").

[37] *See United States v. Graham*, 51 F.4th 67, 80 (2d Cir. 2022) (a waiver – the intentional relinquishment or abandonment of a known right – at or before the time of appeal, extinguishes an error along with any appellate review.). *See also United States v. Nemeth*, 2026 WL 982119, at *8 (10th Cir. Apr. 13, 2026) (discussing "waiver of the waiver" without distinguishing between waiver and forfeiture.

Our adversarial system endows the parties with the opportunity—and duty—to craft their own legal theories for relief in the district court. It is the significant but limited job of our appellate system to correct errors made by the district court in assessing the legal theories presented to it, not to serve as "a second-shot forum ... where secondary, back-up theories may be mounted for the first time." Affording plenary appellate review to newly raised legal theories would do much to undermine this adversarial and appellate order. It would force the judicial system to permit costly "do-overs" in the district court anytime a party can conceive a new winning argument on appeal—even when the district court answered perfectly every question of law the parties bothered to put before it. It would also work unfairness on appellees who, no doubt, thought they knew the legal questions at issue in the case by the time of appeal, only to be surprised when a new threat to their victory in the district court emerges from nowhere for the first time in the pages of an appellate brief.[38]

A second exception to the general rule that an appellant is not entitled to appellate relief from an issue the appellant forfeited before the trial court is the "plain error" exception under which an issue forfeited before the trial court (including a bankruptcy court) may still be reviewed on appeal under a plain error standard.[39]

Under our plain error rule [applicable to forfeitures, not waivers], parties have the opportunity not only to present whatever theory they desire in the district court, but also to explain why their substantial rights and the integrity of our judicial system justify undoing the work of that district court on the force of an argument they didn't present the first time around. It would be wasteful, and an invitation for potential abuse, to permit a second trip to the district court on the basis of any lesser showing.[40]

To establish plain error for purposes of appellate review of a forfeited issue, the appellant must raise the issue on appeal and demonstrate "(1) error, (2) that is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."[41] This standard "often proves to be an 'extraordinary, nearly insurmountable burden,'" and "the failure to argue plain error and its application on appeal . . . marks the end of the road for an argument for reversal not first presented to the district court."[42]

---

[38] *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011).

[39] *Richison*, 634 F.3d at 1128–31 (explaining forfeited arguments are reviewed only for plain error, but failure on the part of the appellant to argue plain error ordinarily precludes review).

[40] *Richison*, 634 F.3d at 1130.

[41] *AG New Mexico, FCS, ACA v. Borges (In re Borges),* 510 B.R. 306, 330 (10th Cir. BAP 2014) (quoting *Richison,* 634 F.3d at 1128).

[42] *Id.* at 331 (quoting *Richison*, 634 F.3d at 1131).

A third exception to the general rule that an appellant is not entitled to appellate relief from an issue the appellant forfeited before the trial court involves the discretion of the appellate court. "The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases,"[43] although such discretion should be exercised sparingly.[44] For example, the appellate court may exercise its discretion to resolve an issue not passed on below where the proper legal disposition is beyond doubt.[45]

*Forfeiture of an issue in an appeal.*

In addition to an appellant waiving or forfeiting an issue by failing to raise the issue before the trial court, an appellant can forfeit an issue on appeal by failing to raise the issue in the appeal itself. This can be done either by inadequately briefing the issue or by failing to raise the issue in the appellant's opening brief. Rules 8014(a)(5) and (8), which apply to appeals before this Court, provide that an appellant's opening brief must contain:

> (5) a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review;
>
> (8) the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies;

Failure to comply with these requirements can result in forfeiture of an issue on appeal. With respect to forfeiture of arguments not adequately developed in a brief, the Tenth Circuit has noted that since "[j]udges are not like pigs, hunting for truffles buried in briefs," an appeals court should "decline to

---

[43] *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S. Ct. 2868, 2877, 49 L. Ed. 2d 826 (1976).

[44] *Margheim v. Buljko,* 855 F.3d 1077, 1088 (10th Cir. 2017). *See also United States v. Jarvis*, 499 F.3d 1196, 1202 (10th Cir. 2007) ("This court has characterized its willingness to exercise its discretion to hear issues not raised below only in the most unusual circumstances. We have consistently stated that a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory." (internal quotation marks and citations omitted).

[45] *Singleton v. Wulff*, 428 U.S. at 121 ("Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt."); *Ave. Cap. Mgmt. II, L.P. v. Schaden*, 843 F.3d 876, 886 (10th Cir. 2016) ("When an argument is forfeited, we have discretion to consider the argument. We sometimes do so when an issue involves a matter of law. But even for matters of law, we decline to consider newly presented legal arguments unless the proper legal disposition is beyond reasonable doubt." (internal citation omitted).

speculate as to the possible legal basis" for a claim of error.[46] An appellant must do more than make conclusory statements; arguments must be developed with reasoned analysis and supporting authority.[47] Although pro se filings are liberally construed, courts do not assume the role of advocate and should not construct arguments, develop legal theories, or supply analysis when a party has failed to adequately develop the issues on appeal.[48]

Issues raised on appeal for the first time in a reply brief generally also are waived or forfeited.[49] The failure to raise the issue in the appellant's opening brief violates Rule 8014(b)(5). The requirement that an appellant raise an issue in the opening brief also ensures the appellate court does not issue "an improvident or ill-advised opinion" without the benefit of full adversarial briefing.[50] Further, permitting an appellant to raise an issue or argue an issue for the first time in a reply brief "would be manifestly unfair to the appellee who, under [the] rules, has no opportunity for a written response."[51]

---

[46] *FDIC v. Schuchmann,* 235 F.3d 1217, 1230 n.11 (10th Cir. 2000) (quoting *Gross v. Burggraf Constr. Co.,* 53 F.3d 1531, 1546 (10th Cir. 1995)). *See also Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 679 (10th Cir. 1998).

[47] *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (explaining "[a]n appellant's opening brief must identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . . Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1133 n.4 (10th Cir. 2004) ("Scattered statements in the appellant's brief are not enough to preserve an issue for appeal.")

[48] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the [appellant] in the absence of any discussion of those issues.") (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)); *Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments.").

[49] *United States v. Pickel*, 863 F.3d 1240, 1259 (10th Cir. 2017); *But see United States v. Courtney*, 816 F.3d 681, 684 (10th Cir. 2016) (treating plain error argument raised for the first time in an appellant's reply brief as forfeited and reviewing for plain error).

[50] *Id*.

[51] *Hill v. Kemp,* 478 F.3d 1236, 1251 (10th Cir. 2007) (quoting *Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1278 (1994)).

10

B.  **Analysis**

**1. Did the Bankruptcy Court err in entering the Order because filing the adversary proceeding violated the automatic stay?**

Appellants argue "the adversary case filed against appellants violated the automatic stay,"[52] and Appellees "filed their adversary action on August 08, 2024 without relief from the automatic stay and total disrespect for the trustee."[53] Appellants further contend Appellees made an "improper use of section 362 and rule 4001," and, as a result, "this adversary proceeding must end and Appellants [be] given their second chance." [54] Appellants request actual and punitive damages for violation of the stay.

Appellants never raised any arguments regarding violation of the automatic stay before the Bankruptcy Court and forfeited the argument by raising it for the first time on appeal. Further, Appellants have not raised the plain error exception to their forfeiture. Appellees nevertheless briefed the stay relief issue on appeal without arguing that Appellants forfeited or waived the issue for purposes of appeal by failing to raise the issue before the Bankruptcy Court, which was a "waiver of the waiver."

Even if Appellees' failure to raise forfeiture could be characterized as a 'waiver of the waiver,' we exercise our discretion to consider Appellants' forfeiture sua sponte. Because Appellants did not seek relief from the Bankruptcy Court based on an alleged stay violation and thereby forfeited the issue for purposes of this appeal, we decline to review this issue on appeal.[55]

**2. Did the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo* reveal error in the Bankruptcy Court's ruling?**

Appellants also attack the validity of the State Court Judgment arguing it was issued during the period in which courts applied *Chevron* deference, which Appellants contend the Supreme Court has

---

[52] Appellants' Opening Br. at 5.

[53] *Id.* at 6.

[54] *Id.* at 7.

[55] In any event, even if we were to consider the issue, Appellant suffers no prejudice from this ruling. "[T]he automatic stay does not apply to the commencement of an adversary proceeding in the bankruptcy court where the debtor's bankruptcy case is pending." *In re Cashco, Inc.*, 599 B.R. 138, 146 (Bankr. D.N.M. 2019).

11

since repudiated.[56] According to Appellants, because *Chevron* has now been overruled, the State Court

Judgment cannot be relied upon and must be treated as unlawful or invalid.[57]

Appellees argue that Appellants never raised any arguments regarding *Chevron or Loper Bright*

before the Bankruptcy Court and, as a consequence, the issue should not be considered on appeal. We

agree that Appellants never raised any arguments regarding *Chevron or Loper Bright* before the

Bankruptcy Court. Further, Appellants have not raised the plain error exception to their forfeiture in this

appeal. We therefore decline to consider the issue because Appellants forfeited the issue for purposes of

this appeal.[58]

### 3. Did the Bankruptcy Court err by in determining the State Court Judgment was nondischargeable under § 523(a)(6) based on the collateral estoppel effect of the State Court Judgment?

The Bankruptcy Court granted summary judgment based on the issue preclusive effect of the

State Court Judgment on Appellees' Counterclaims.[59] It determined issue preclusion "applies in this case

to bar relitigation of the issues before this Court."[60] The Bankruptcy Court applied Oklahoma issue-

preclusion principles and concluded each element was satisfied. Based on that determination, the

Bankruptcy Court held "the elements of issue preclusion have been met,"[61] and "the state court decision

---

[56] Appellants argue "[t]he summary judgment against [Appellants] was issued in that time period completely arbitrary and must be held unlawful," asserting "as of June 2024 the Supreme Court overruled the Chevron Doctrine." Appellants' Opening Br. at 4. Appellants also contend "[s]ince 1984 the courts have made their decisions based on the Chevron doctrine wherein the court's decision making process was not based in law but in agency rules and regulation." *Id*. at 5. Appellants further assert "LOPER BRIGHT ENTERPRISES v. RAIMONDO and RELENTLESS, INC. v. DEPARTMENT OF COMMERCE ended the Chevron Deference." *Id*. at 7. Finally, Appellants argue "[e]ven during Chevron, acts of congress that provided relief for citizens was exempt from the Chevron doctrine." *Id*. at 7.

[57] Appellees' Br. at 27.

[58] We note, however, Appellant suffers no prejudice from this ruling. The *Rooker-Feldman* doctrine precluded the Bankruptcy Court from reviewing on the merits, modifying, or setting aside the State Court Judgment. *See Mayotte v. U.S. Bank Nat'l Ass'n, as Tr. for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 880 F.3d 1169, 1174 (10th Cir. 2018).

[59] Issue preclusion is also known as collateral estoppel. *Guttman v. Khalsa*, 669 F.3d 1101, 1109 (10th Cir. 2012). The two are synonymous. *Moss v. Kopp*, 559 F.3d 1155, 1161 n.7 (10th Cir. 2009) (noting that the terms are "used interchangeably.").

[60] Order at 12 in Appellants' Am. App. at 45. The preclusive effect asserted here arises from the State Court Judgment on Appellees Counterclaims and the State Court Judgment. *See* Bankr. ECF No. 31, SJ Motion, Exs. 6–8.

[61] *Id*. at 15 in Appellants' Am. App. at 48.

12

bars re-litigation of the same issues in this Adversary Case."[62] Accordingly, the Bankruptcy Court held the State Court Judgment was nondischargeable under § 523(a)(6).

Prior to filing an amended reply brief, Appellants did not argue that the Bankruptcy Court erred in granting summary judgment on Appellees' nondischargeability claim based on the preclusive effect of the State Court Judgment on Appellees' Counterclaims. In their opening brief, Appellants do not identify issue preclusion, collateral estoppel, or the preclusive effect of the State Court Judgment on Appellees' Counterclaims as an issue on appeal; nor do they argue that any element of issue preclusion was unsatisfied. Instead, in their opening brief, Appellants make only broad arguments challenging the validity of the State Court Judgment.[63] Specifically, Appellants argue "[t]he judgment in state court against appellants was not based in law," and "[t]he case contained false information on malicious conduct."[64] Appellants also challenge the Bankruptcy Court's reliance on material facts, its determination that Appellants failed to identify or refute material facts, and its interpretation of Appellants' litigation history.[65] Even taken together, those arguments do not preserve for appeal the issue of whether the Bankruptcy Court erred in ruling that Appellees were entitled to summary judgment based of the issue preclusive effect of the State Court Judgment on Appellees' Counterclaims.

Appellants' reply brief, like the opening brief, does not identify the Oklahoma issue-preclusion elements, argue that any particular element of issue preclusion was not satisfied, or otherwise develop a challenge to the Bankruptcy Court's issue preclusion determination.

For the first time in their untimely amended reply brief filed without leave of Court, [66] Appellants argue that the Bankruptcy Court erred in granting summary judgment by giving collateral estoppel effect

---

[62] *Id.*

[63] Appellants' Opening Br. at 5. Appellants assert "agency decisions were used throughout the Litigation Process rendering the decision of the State Court invalid." *Id*. at 7. Appellants also contend "the judgment against appellants has been rendered invalid by the United States Supreme Court." *Id*.

[64] *Id*. at 5.

[65] Appellants' Opening Br. at 7 ("The . . . court upon denying [the Motion to Dismiss] makes a great deal of use of the material facts.") *Id*. ("The judge took a negative view of the number of times Appellants used the court system again not unlawful.").

[66] Per Rule 8018(a)(3), reply briefs are due fourteen days after an appellee's brief is served. Appellees' brief, BAP ECF No. 29, was filed on September 4, 2025, and Appellants' amended reply brief,

to the State Court Judgment on Appellees' Counterclaims. Appellees argue the Appellants have therefore waived the collateral estoppel issue in this appeal.

This is the entirety of Appellants' argument in the amended reply brief regarding collateral estoppel:

> COLLATERAL ESTOPPEL, the Oklahoma judgments for abuse of process and malicious prosecution do not automatically equal 'willful and malicious injury that Congress described in the statute. By treating those state judgments as having settled the matter the bankruptcy court let the plaintiffs bypass their duty to prove intent under federal law.[67]

Appellants do not analyze or explain why in their view an Oklahoma judgment for abuse of process and malicious prosecution is not a preclusive determination of "willful and malicious injury" under § 523(a)(6) and cite no caselaw or other authorities.

For three reasons, Appellants forfeited in this appeal the issue of whether the Bankruptcy Court erred in granting summary judgment by giving collateral estoppel effect to the State Court Judgment on Appellees' Counterclaims. First, Appellants only raised the issue for the first time in their amended reply brief. To preserve the issue for appeal, Appellants were required to raise the issue in their opening brief.[68] They failed to do so. Second, the amended reply brief was not timely filed and should be disregarded for that reason. Third, Appellants' collateral estoppel argument was not sufficiently developed in the Amended Reply Brief to comply Rule 8014(b)(8),[69] even if the argument had been made in Appellants' opening brief. Appellants do not analyze which elements of collateral estoppel have not been satisfied or why the State Court's findings do not equate to "willful and malicious injury" under Section 523(a)(6). Nor have they cited any authorities in support of their collateral estoppel argument.

---

BAP ECF No. 35 was filed on October 15, 2025, forty-one days after Appellees' filed their brief. *See also Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008) ("issues raised by an appellant for the first time on appeal in a reply brief are generally deemed waived").

[67] Amended Reply Brief at 6-7.

[68] See Fed. R. Bankr. P. 8014 (a)(5).

[69] Fed. R. Bankr. P. 8014(a)(8) requires the opening brief to contain "the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

14

Appellees did not waive or forfeit the issue of whether Appellees waived or forfeited appellate review of whether the Bankruptcy Court erred by granting summary judgment based on the issue preclusive effect of the State Court Judgment on Appellees' Counterclaims. Appellees contended and argued in their brief that Appellants forfeited or waived that issue on appeal. Appellees argued the merits of that issue, only in alternative, in the event we were to consider the issue on its merits. More specifically, Appellees argued that this Court's review should be limited to the issues raised in Appellants' opening brief, namely, the alleged violation of § 362 and the asserted impact of *Loper Bright*, and further maintained that any issues not raised in the opening brief are waived.[70] Appellees' alternative merits discussion of this issue therefore did not constitute a "waiver of the waiver" of Appellants' forfeiture of this issue on appeal.

In summary, because the Bankruptcy Court granted summary judgment based on the preclusive effect of the State Court Judgment on Appellees' Counterclaims, and Appellants forfeited on appeal whether the Bankruptcy Court erred by doing so, we will not consider that issue and conclude that it is not a reason to reverse the Bankruptcy Court.

**VI.     Conclusion**

Appellants forfeited all issues raised on appeal. Accordingly, we AFFIRM the Bankruptcy Court.

---

[70] Appellees' Br. at 11.

15